February 17.
Judge Cabell,
delivered the opinion of the court.*
The first question which presents itself in this case, admitting that all necessary parties are before the court, is, whether the interest intended by the will of Benjamin Taliaferro for bis two sons, Richard Henry, and Henry Taliaferr o, were vested and continuing interests, at the time of their deaths.
This question presents no difficulty. It is clearly a vested interest, unless a different result be produced by the testator having left the time of selling, to the discretion of the executor. In every instance of a sale by an executor, some time must, of necessity, elapse between the death of the testator, and the sale; and something is almost invariably left to the discretion of the executor, as to the time of selling. Yet that makes no difference where, as in this case, the direction to sell is imperative. It has never been doubted, that the devisee or legatee,.for whose benefit a sale is thus directed, takes by the will, ars *320 immediate vested interest; nor has it ever been held, that the death of the devisee or legatee before the sale, defeated that interest, unless there was some provision in the will, to that effect. Under stick circumstances, tlie interest in ^ie Procee(is the sale, is as much a vested interest, as if the land itself had been immediately and directly devised to the devisee. The circumstance in this case, that the testator had only a remainder in the land, expectant on the death of his mother, will not vary the construction, in this particular, which ought to be given to the will. He was well informed of his interest in this land, and yet he expressly subjects to sale, all his estate whether in possession, remainder or reversion. He may have been aware, that circumstances might, by possibility, render it essential to his children, that the sale should be made, before the life-estate might fall in; and he very prudently left the time of the sale, to the discretion of the executors.
The interests, therefore, intended for the children of the said Benjamin Taliaferro, vested at his death ; and there ' being nothing in the will to defeat them, they were continuing interests at the deaths of the children.
It becomes important to enquire, in the next place, what was the nature and character of those interests.
It is an established principle, “ that money directed to “ be employed in the purchase of land, and laud directed “ to be sold, and turned into money, are to be considered “ as that species of property into which they are directed “ to be converted.” The English reporters abound with cases upon this subject; and there is no part of the law more firmly established, or better understood. The important question in such cases is, whether the character of land or money is definitively and imperatively affixed, by the will, to the property ; for, the character thus impressed upon it, will remain so impressed, until some person having a right to elect, elects to take it in its original character. Ashby vs. Palmer.(m) Land, therefore, thus *321 impressed with the character of money, will, until election he made to take it as land, pass as money, although it has not been actually converted into money. Thecounsel for the appellants relied upon the principle laid down, in Walker vs. Denne,(n) that the property will pass according to the state in which it happens to be at the death of the person from whom it is claimed. But, that principle has been repeatedly overruled. Wheldale vs. Partridge; (o) Biddulph vs. Biddulph ;(p) Kirkman vs. Miles :(q) Ashby vs. Palmer, (r) The other cases, relied on by the counsel for the appellants, have no application. In all of these, there was, from some cause or other, a resulting trust, in whole or in part, for the. heir at law of the testator. But, in the case before us, the conversion into money is imperative, “ to every intent, out and outand the whole proceeds of sale, after payment of debts, are given, as personal property, to the two sons of the testator ; and it is to them, or the survivor of them, that the succession must now be made. There is then no foundation whatever for any claim on the part of the heirs at law of the testator.
If there were no persons other than the present parties, who might claim an interest in this controversy, the court, pursuing the principles above declared, would affirm the decree of the chancellor.
But, it appears that after the death of the two sons of the testator, Benjamin Taliaferro, their mother, to whom the property in controversy had passed at the death of the survivor of them, as his next of kin, intermarried with Larkin Smith; and that the said Smith and his wife instituted this suit, as the only persons interested in the sale of the land, claiming, by their bill, to discharge the executor from the necessity of selling, and electing to take the land itself. If this election had any operation in fa *322 Vor 0f the wife, in restoring the land to its original cha,a. , racter, as land, it may become important to her heirs at law, as she died before the termination of the suit, and befare the land was reduced to possession by the husband, to enquire whether her rights therein descended to them. On this point, the court expresses no impression even, farther than to say, that it is a subject on which the heirs at law ought to have an opportunity to be heard before a final decree. The decree is therefore reversed, with costs to the appellees, as having substantially prevailed ; and the cause is remanded to the court of chancery, with directions to make the heirs at law of Mrs. Smith, parties.

 Judge Brooke did not sit in this cause.

 1 Merivale, 296. 2 Maddock, 108,9, 10; and the cases there cited.

 2 Vesey, 170.

8 Ves. 227.

 12 Ves. 161.

 13 Ves. 338.

 1 Merivale, 296.