May Term, 1854.

RUMSEY v. DURHAM.

5  71
129  65

---

Rumsey, Administrator, *v.* Durham and Others.

A testator, by his will, after providing for the payment of his debts, &c., gave to his wife, as long as she should remain his widow, the use, &c., of all his real and personal property, for the support of herself and family. The will then proceeded as follows: After the death or marriage of my wife, my will is that all my property, real as well as personal, shall be sold, and equally divided among my children.

*Held*, that the direction to sell was in effect a conversion of the land into personalty; and, in equity, the land must be treated as money.

*Held*, also, that the property vested in the children at the decease of the testator.

ERROR to the *Dearborn* Probate Court.

DAVISON, J.—This was a petition by *John Rumsey*, administrator with the will annexed of *Watkin Rumsey*,

Thursday, May 25.

deceased. The object of the proceeding was to obtain an order directing the sale of certain real estate, according to the provisions of the decedent's last will. The petition sets forth the will. It provides as follows:

"1. After the payment of all my debts," &c., "I give and bequeath unto my wife, as long as she remains my widow, the use and benefit of all my real and personal property, for the support of herself and family.

"2. After the death or marriage of my wife, my will is that all my property, real as well as personal, shall be sold, and equally divided among my children.

"3. I hereby appoint *Thomas Curtis* and *William Hutchins* my executors."

This will was executed in *February*, 1832. Within that year the testator died. The will was admitted to probate; but the executors therein named died without being qualified to act under it.

The testator, at his death, was seized of the south-west quarter of section 9, in township 5, of range 2, in *Dearborn* county. He left *Ann Rumsey*, his widow, and the following named children and heirs at law, viz.: *John Rumsey, William Rumsey, Watkin Rumsey, James Rumsey, Robert Rumsey, George Rumsey, Josiah Rumsey*, and *Ann Rumsey*, now married to *Noah C. Durham*. *Ann Rumsey*, the widow, remained in possession of all the property donated by her husband, from the time of his death up until her death, which occurred in *October*, 1851. *James, George, Watkin*, and *Josiah*, died before their mother, *Ann Rumsey*, intestate, without issue or their descendants. *Robert* died in *September*, 1851, testate, leaving only one child, viz., *Mary E. Rumsey*. So that *John Rumsey, William Rumsey*, and *Ann Durham*, were all the testator's children alive at his widow's death. The petition prays the sale of said land, as provided by the will, and that the proceeds, after the expenses of sale, be paid over, in equal portions, to *John Rumsey, William Rumsey, Ann Durham*, and *Mary E. Rumsey. John* was the petitioner. *William* was called and defaulted. *Mary*, being a minor, answered by her

guardian. And *Noah C. Durham* and his wife filed their plea.

The plea admits the facts stated in the petition; but sets up that *Ann Rumsey*, at her death, left a will, whereby she directed all her property to be sold by her executor, and the proceeds thereof to be paid over to her daughter, *Ann Durham*. To this plea there was a demurrer overruled, and the petitioner having failed to make further answer to the plea, the Court ordered the land to be sold and the money arising therefrom to be divided into eight portions; that the surviving children and grandchild should each take one-eighth, and one-fourth of four-eighths, and *Ann Durham*, the devisee of *Ann Rumsey*, should take one-half of four-eighths.

The order of the Court assumes the ground, that the estate transmitted by the will to the testator's children, vested in them upon his death, to be enjoyed at the decease of his wife; that under the law in force when *George*, *Watkin*, *James* and *Josiah* died, *Ann Rumsey*, being their mother, became entitled to a certain portion of their vested interested in the property, which, by her will, passed to *Ann Durham*.

The testator's will evidently created a life-estate in *Ann Rumsey*, and after her death or marriage it directed the executors, under an express power, to sell the premises, and divide the proceeds equally among his children. This direction to sell was, in effect, a conversion of the land into personalty. In equity it must be considered and treated as money. 1 Jarman on Wills, 473.—2 Story Eq. Jurisp. 320. Therefore, the subject of the testator's gift to his children was personal property, and its distribution, under the will, should be governed by the same rule as if the donation in the first instance had been money.

When did the property vest in the children? This is the only question in the case. If it vested in them at the decease of the testator, the decree of the Court is conceded to be correct. But it is contended that his children alive at the termination of the life-estate, are alone entitled as distributees. If this construction be the true one, then the

grandchild, not being within the description of children, would have no share in the division of the estate. This could not have been the design of the testator. It is but fair to presume that he intended to give something absolutely to the persons designated as legatees; that he did not intend to disinherit any of his children, or their descendants. No doubt his mind would have revolted at the idea of his grandchildren being left, perhaps at a tender age, without the means of subsistence. To us it is clear that the actual intention of the testator was, that the right to the distributive shares donated by the will should vest in his children immediately upon his decease.

This conclusion is supported by authority. In *Goodwin* v. *Monday*, 1 Bro. C. R. 190, there was a devise to the testator's son, after the death of the testator's widow, with a proviso that the son should pay to the testator's daughter, *Mary*, 100 pounds, within one year after the widow's death. *Mary* died, living the widow. *Held*, that the legacy vested in *Mary*.

The decision just cited is sustained in *Bayley* v. *Bishop*, 9 Vesey 6. So in *Tazewell* v. *Smith*, 1 Rand. 313, it was decided that "a devisee or legatee, for whose benefit a sale is directed, takes, by the will, an immediate vested interest; that the death of the devisee or legatee before the sale, does not defeat that interest, unless there is some provision in the will to that effect."

The law is said to favor the vesting of estates. The will takes effect at the death of the testator. And where, as in the case before us, no desire to postpone the operation of the devise is expressed, we must, in view of principle and authority, presume that the testator intended that the estate donated should vest in his children at his decease. 1 Jarman on Wills, 777.

The decree must be affirmed.

*Per Curiam.*—The decree is affirmed with costs.

*D. S. Major, A. Brower,* and *J. Ryman,* for the plaintiff.
*J. T. Brown* and *E. Dumont,* for the defendants.