[No. 12135.   In Bank. — July 7, 1887.]

GEORGE E. WILLIAMS, EXECUTOR ETC. OF THOMAS
H. WILLIAMS, DECEASED, RESPONDENT, *v.* THOMAS
H. WILLIAMS, JR., ET AL.   FRANK HANSFORD
JOHNSON, APPELLANT.

WILL — ABSOLUTE ESTATE — POSTPONEMENT OF RIGHT OF ENJOYMENT —
VESTED ESTATE — INDEFINITE RESTRAINT ON ALIENATION. — A provis-
ion in a will bequeathing a sum of money absolutely, with directions
that it be distributed to the legatee upon the expiration of a specified
time after the death of the testator, creates a vested interest in fee in
the legatee, postponed merely in enjoyment; and a further provision in-
definitely restraining the right of the legatee to alienate the subject-
matter of the bequest is void.

ID. — CONSTRUCTION OF WILL — JURISDICTION OF SUPERIOR COURT. — The
Superior Court, as a court of equity, has power in proper cases to hear
and determine questions relating to the rights and duties of executors
and beneficiaries under wills which have been admitted to probate.

APPEAL from a judgment of the Superior Court of Sac-
ramento County.

The facts are stated in the opinion of the court.

*C. H. Oatman,* guardian *ad litem,* for Appellant.

*G. W. Gordon,* for Respondent.

SEARLS, C. J. — This is an action in the nature of a
bill of interpleader by plaintiff, as the executor of the last
will of Thomas H. Williams, deceased, to procure a judi-
cial determination of the construction to be given to cer-
tain provisions of said last will.

The specific questions submitted by the bill relate to a
devise or bequest of fifty thousand dollars, made to de-
fendant Percy Williams, and arise under the following
clause of the will:—

"ITEM 4.

"When the term of three years after my death shall
have elapsed, unless the executor herein named shall for
good cause extend it for two years, or in case there be

another executor, three of my children, or representatives, shall, by writing, extend it for two years, distribution of my estate shall be made as herein directed.

## "CLAUSE 2 OF ITEM 4.

"2. There shall be vested absolutely in Percy, property or money, fifty thousand ($50,000) dollar

## "ITEM 6.

"The first fifty thousand ($50,000) dollars given to Percy is intended to vest in him absolutely, but the remainder of the estate is only intended for the use and benefit of the children during their respective lives, with the remainder in fee to those herein named, except the fifty thousand ($50,000) dollars absolutely given Percy, which may be given in money or property as desired.

## "ITEM 13.

"This will is lengthy, but I hope it clearly expresses my purposes, thus: That with the exception of fifty thousand ($50,000) dollars, the property of my estate is to be 'set aside' in and for the benefit of my children" (naming them), and providing that each of said children so named is to have the net income of the estate so set aside for them respectively.

That the legal title is to be and remain in the executor, etc.

The complaint contains a copy of the will, and alleges in general terms that doubts have arisen and are entertained by the executor and those interested in the estate of the testator as to the true intent and meaning of the will, and as to the duty of plaintiff in the proper execution of the various trusts thereby created.

The particular questions raised, however, and which the court is asked to determine, are with reference to the bequest of fifty thousand dollars made to defendant Percy Williams, and are very clearly stated by the court below in the following language:—

" 1. Whether or no said legacy or devise of fifty thousand dollars to defendant Percy Williams is an absolute and vested estate in him, and of which the time of enjoyment only is postponed until distribution, so that on his death, before distribution, intestate, it would pass to his legal heirs, or could now be transmitted by his will or conveyed by deed, as he might desire; or,

" 2. Whether the scheme and design of the will was that it was so far conditional as to depend on his survival to the time of distribution, and if not surviving, whether said fifty thousand dollars legacy or devise does not go to and vest in those designated by the will as devisees in remainder, together with the balance of the interest devised to said Percy."

The court below answered the first of these two propositions in the affirmative, which, as may be seen, disposed of the whole matter.

We think the conclusion reached by the learned judge who tried the cause was correct, and that his reasoning in the premises clearly illustrates the questions involved.

The language used is as follows, and we adopt it as the opinion of the court:—

" It will be seen by reference to the language of the will, that by clause 2 of item 4, and the first clause of item 6, fifty thousand dollars is given to defendant Percy, 'absolutely,' to be 'distributed' to him at the expiration of three years (or, in a certain contingency, five years) from the date of testator's death. By the other clauses of those items, the bulk of the residue of the estate is devised and bequeathed to the children, in certain proportions, for their lives, with remainders over to their descendants in a named order. The gift to Percy, it is declared, 'is intended to vest in him absolutely,' and in that respect item 6 draws a distinction between that devise and the others made to the children. Now, so far as these provisions of the will are concerned, there can be no doubt that the interest of Percy in this

devise is a *vested* interest in fee, postponed merely in enjoyment. No other legal conclusion can flow from the language used. (*Johnson* v. *Baker,* 3 Murph. 318; S. C., 9 Am. Dec. 605; *Tazewell* v. *Smith,* 1 Rand. 313; S. C., 10 Am. Dec. 533; *Reed* v. *Buckley,* 5 Watts & S. 517; S. C., 40 Am. Dec. 531; *Bentley* v. *Long,* 1 Strob. Eq. 43; S. C., 47 Am. Dec. 523; *Furness* v. *Fox,* 1 Cush. 134; S. C., 48 Am. Dec. 593; Civ. Code, sec. 694.)

"The law favors the vesting of interests, and every interest will be presumed to be vested, unless a contrary intention is clearly manifest. (Civ. Code, sec. 1341.)

"But these provisions are free from ambiguity. The devise is made in express terms, and declared to be absolute and vested. No provision is made for any remainder over in case of the death of the beneficiary before distribution, or in any other contingency, while ample provision in that regard is made as to the various other devises. In fact, if it could be held that this devise could, in any event, fail to vest, it would result that the testator died intestate as to this portion of his estate, for there is no residuary clause in the will, the only devises or bequests being made out of the remainder of the estate after deducting this fifty thousand dollars. It would seem to follow, then, as a matter not admitting of doubt, that, under the provisions referred to, the interest of Percy in this share is a vested future interest in fee, which will pass by grant, devise, or succession, and which he may alienate at his pleasure. If he should die before distribution without such alienation, it will vest in his heirs, devisees, or legatees. (See cases cited above, and Civ. Code, sec. 669.)

"It is claimed, however, by counsel for the defendant Frank Hansford Johnson that these provisions will not bear this construction when viewed in conjunction with items 9 and 7.

"But, in my judgment, the conclusions I have expressed are in no respect affected by the language of items 9

and 7, or either of them. As to item 9, it will be seen that the precedent estate thereby vested in the executor ceases immediately when the future estates vest in possession, — whenever that occurs. That this is the clear intention of the testator is shown by the fact that the legacies named in item 3 also fall within the language of item 9.

"The position is equally untenable as to item 7. That item contains an indefinite restraint upon alienation by the children. This clause is valid as to the life estates, because, as to them, the power of alienation is only restrained during the continuance of lives in being, but as to this devise of fifty thousand dollars, such a restraint would be void, as the interest created therein is one in fee, and the restraint would be perpetual. (Civ. Code, secs. 715, 716.)

"It is clear that this clause was not intended to refer to this share. It is confined, by its terms, to 'any estate left for his or her benefit,' and does not extend to anything left absolutely to a child. The expression used plainly refers to the estate vested in the executor *in trust* for '*the benefit*' of the children. In fact, taking the whole will together, I think that, as to the other shares or devises, all that is left to the children is the *income*, to be paid over by the executor as it accrues, and item 7 is intended to carry out that intention.

"It will be seen that the last clause of item 10 also bears out my first conclusions, and I find nothing in the will to alter them, or in any measure repugnant to the interpretation I have given. (Civ. Code, sec. 1322; Redfield on Wills part 1, c. 9, sec. 6, art. 32; *Damrell* v. *Hart,* 137 Mass. 218; *Ordway* v. *Dow,* 55 N. H. 15; *Quackenbos* v. *Kingsland,* 102 N. Y. 130; *Bushnell* v. *Carpenter,* 92 N. Y. 273; *Stuart* v. *Wrey,* L. R. 30 Ch. D. 507.)

"W. C. VAN FLEET, Judge."

Upon the question of the jurisdiction of the court, a question not raised by the parties in the court below,

but suggested by the learned judge who heard and decided the case, we are of opinion that whatever doubts may exist as to the jurisdiction, founded upon the decisions of courts in other states of the Union, so far as the power of courts to hear and determine in proper cases questions relating to the rights and duties of executors and beneficiaries under wills which have been admitted to probate is concerned, this court has settled the proposition in the affirmative. (*Rosenberg* v. *Frank*, 58 Cal. 387; *Payne* v. *Payne*, 18 Cal. 291; *Deck* v. *Gerke*, 12 Cal. 433; S. C., 73 Am. Dec. 555.)

The jurisdiction of the court below established, it follows that the decree in the case becomes binding upon all parties in interest; and in the absence of all formal objection in the lower court, we do not feel called upon to scrutinize closely the case as made, for the purpose of determining the policy of hearing or refusing to entertain the action, on account of the facts as stated not being as conclusive as they might have been, and perhaps would have been, put, had objection appeared.

In other words, we deem the case made, within the rule enunciated by this court in the cases cited, and in the absence of a special demurrer, as sufficient to sustain the decree.

Judgment affirmed.

McFARLAND, J., TEMPLE, J., PATERSON, J., and McKINSTRY, J., concurred.