[No. 12226.   Department Two. — March 21, 1888.]

IN THE MATTER OF THE ESTATE OF WILLIAM WIL-
LIAMSON, DECEASED.

WILL — CONSTRUCTION — COMMUNITY PROPERTY. — The will in question
construed, and *held*, that the half of the community property to which
the testator's wife would have been entitled had she survived him was
not disposed of by the will.

APPEAL from a decree of the Superior Court of Santa
Cruz County distributing the estate of a deceased person.

The facts are stated in the opinion.

*A. S. Kittredge*, for Appellant.

*Julius Lee*, for Respondent.

HAYNE, C.—This is an appeal from a decree of dis-
tribution. The question presented is as to the construc-
tion of the will.

The will first declares that all of the testator's property
is the community property of himself and his wife
Artemesia, who was then living, and that an advance-
ment had been made to his daughter, Caroline Judd (the
appellant here), and then, after reciting that his son,
Robert Samuel Williamson, "by his valuable labor and
service, has greatly assisted, and is now greatly assisting,
me in making and accumulating my said property,"
proceeds as follows: —

"1. I give, bequeath, and devise to my said son Rob-
ert Samuel . . . . all the property, real, personal, or
mixed, of whatsoever nature or character, or wheresoever
the same may be situated, in or to which I now have or
hereafter may acquire any right, title, or interest; *that
is to say*, an undivided one-half interest in said property,
or all of which I have power under the law to make tes-
tamentary disposition, leaving the remaining undivided
one half of said community property to my said wife
Artemesia, as the law directs. 2. I request and desire

that my said wife, in case she survives me, by testamentary disposition or otherwise, distribute her portion or half of said community property equally between our said children, Robert Samuel and Caroline, and any others that may be begotten unto us."

The wife died before the testator, and the contest is between the two children as to the share which would have gone to the wife had she lived. The court below decided that the son took the whole of such share, and the daughter appeals.

We think the court erred. The testator first used language which, if not limited by what follows, would undoubtedly have given the whole estate to the son. But he immediately defines the sense in which he used the sweeping language by the following: "That is to say, *an undivided one-half interest* in said property, or all of which I have power under the law to make testamentary disposition." This shows that when he spoke of bequeathing "all the property" to the son, he meant all over which he supposed he had power of disposition, which was one half of the community property. And, as if to clinch the matter, he adds this clause: "Leaving the remaining undivided one half of said community property to my said wife Artemesia, as the law directs."

Now, if the wife had survived the testator, there would have been no doubt at all as to the intention. It would have been perfectly clear that the testator intended the son to take only one half of the property. The fact that the wife died before the testator does not seem to us to alter the case. The argument that the words "all of which I have power under the law to make testamentary disposition" show that it was the testator's intention to give to the son the wife's half of the community property in case he acquired power of disposition over it by her death, is plausible but not sound. The phrase is used in apposition to the preceding one, viz., "an undivided one-half interest in said property." And the

intention of the testator that the whole property should *not* go to the son at the wife's death is shown by his request to the wife. "I request and desire that my said wife, in case she survives me, by testamentary disposition or otherwise, distribute her portion or half of said community property equally between our said children, Robert Samuel and Caroline, and any others that may be begotten to us."

It seems to us that the wife's half was not disposed of by the will, and that it should go to the heirs as the law directs. The learned judge of the court below was led into error by attributing too much force to the sweeping words of disposition first quoted.

No other question has been argued by counsel.

We therefore advise that the judgment be reversed, and the cause remanded for a decree in accordance with the views above expressed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for a decree in accordance with the views above expressed.

Hearing in Bank denied.