[No. 12968.   Department Two. — April 26, 1889.]

IN THE MATTER OF THE ESTATE OF MARGARET DOLAN, DECEASED.   MICHAEL DOLAN, APPELLANT.

WILL — EXPRESS TRUST IN REAL ESTATE — TRUST TO COLLECT AND APPLY RENTS. — The testatrix, by her will, devised certain real estate in trust, with directions to the trustee to apply the rents, issues, and profits thereof, — 1. To the payment of a certain mortgage; 2. To the payment of certain legacies to her daughters; and 3. To the payment of a legacy for a charitable purpose.   The will further provided that after such payments had been made, the whole of the income of the property should be given to her son James, during the term of his natural life, and after his death, the same to vest in another person in fee.   *Held*, that under sections 857 and 863 of the Civil Code, a valid express trust was created for the pur-

poses specified therein; that the entire estate was vested in the trustee, subject to the execution of the trust; and that the son, James, did not acquire any life estate in the property or right to its possession.

APPEAL from a decree of the Superior Court of the city and county of San Francisco distributing the estate of a deceased person.

The facts are stated in the opinion.

*Matt. I. Sullivan*, for Appellant.

There is nothing appearing upon the face of the will which gives a life estate in James P. Dolan. (Civ. Code, secs. 857, 863; *Estate of Delany*, 49 Cal. 76; *Cutter* v. *Hardy*, 48 Cal. 568; Perry on Trusts, sec. 329; *Betts* v. *Betts*, 4 Abb. N. C. 385; *Vail* v. *Vail*, 4 Paige, 328.)

*Taylor & Craig*, for Respondents.

BELCHER C. C.— Margaret Dolan executed her last will in April, 1877, and died in December following. The will was duly admitted to probate, and in it is found the following language: —

" First— I give, devise, and bequeath to my son, Michael Dolan, in trust, for the following purposes, that certain house and lot, No. 317 Stockton Street, in the city and county of San Francisco, etc.

" 1. I direct that my said son Michael shall, from the rents, issues, and profits of said house and lot, pay and discharge the mortgage now on the same, as soon after my death as the income will justify.

" 2. That as soon as said mortgage shall have been paid and satisfied as aforesaid, I desire and intend that from the rents and profits of the said property each of my daughters, Celia Jordan, wife of John Jordan, and Margaret Platt, of Australia, British Colonies, shall receive the sum of four hundred dollars ($400).

" 3. Also, from the same source, the sum of one hun-

dred dollars ($100) to Sister Frances McEnnis, for the use and benefit of the orphans under her charge.

"4. After the aforesaid application of the emoluments of the said property shall have been made, I direct that the whole of the income of said lot and building be given to my son James Dolan, during the term of his natural life, and after his death, the same to vest in my son Michael Dolan, in fee."

In due time the executors of the will filed their petition for a decree of distribution of the property of the estate.

The court acted on the petition, and by its decree distributed the whole income of the house and lot mentioned to James P. Dolan, who is admitted to be the James Dolan named in the will, during the term of his natural life; and it then "ordered that a life estate in said real property vest in said James P. Dolan, and that said executors transfer the possession of said real estate forthwith to said James P. Dolan, and that he retain possession of the same, free from the control of said John F. Quale and Michael Dolan, or either, as executors or trustees, for and during the term of his natural life."

From this decree Michael Dolan has appealed, and the only questions presented relate to that part of the decree which gives to his brother, James P., a life estate in and a right to the possession of the said property.

As we read the will, it gave the property to Michael Dolan in trust to collect and receive the rents and profits thereof, and to use them, — 1. To pay the mortgage on the property; 2. To pay the legacies to Celia Jordan and Margaret Platt; 3. To pay the legacy to Sister Frances McEnnis; and 4. To pay all the residue thereof to James Dolan during his natural life. This was an express trust, and was authorized by law. See section 857 of the Civil Code, which provides as follows: "Express

trusts may be created for any of the following purposes:—

 .   .   .   .   .   .

" 3. To receive the rents and profits of real property, and pay them to or apply them to the use of any person, whether ascertained at the time of the creation of the trust or not, for himself or for his family during the life of such person, or for any shorter term, subject to the rules of title 2 of this part."

If we rightly construe the will, James Dolan did not take a life estate in the property or right to its possession. This is shown by section 863 of the Civil Code, which declares that, —

" Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust." (And see *Estate of Delany*, 49 Cal. 76.)

It follows that the decree of distribution should be reversed and the cause remanded, with directions to the court below to modify its decree in accordance with this opinion.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with directions to the court below to modify its decree in accordance with this opinion.