ESTATE OF MARY A. HALL, DECEASED.

[No. 3802; decided May 11, 1894.]

Legacy—When Vested.—The word "entitled" as used in section 1658 of the Code of Civil Procedure refers to the vesting of the legacy.

Legacy.—A Bequest must be Construed as Vested unless the testator has in terms declared otherwise.

Legacy.—A Bequest to a Person on Attaining the Age of twenty-five years is vested on the death of the testator.

Legacy—Law Favors Vesting.—The law always inclines to treat interests as vested, and in cases of doubt or mere probability it declares legacies vested.

Application for payment of legacy in advance of the period prescribed in will.

Geo. D. Collins, John A. Wall, and M. J. MacGrath, for the application.

COFFEY, J. The necessitous circumstances of the applicants being conceded, the law of the case only remains to be considered.

A copy of the will, olographic in character, is here inserted:

> "Florence House
> "Corner of Powell and Ellis Sts.
> "San Francisco, Nov. 30th, 1883

"This is my last will and testament.

"To my darling Niece Florence Hall, I leave and bequeath, upon her twentyfirst birthday $10000. Ten Thousand Dollars. To my nephew Frank Hall, on his twentyfifth 25th. birthday $2000. Two Thousand Dollars. To my dear sister Mrs. J. A. McBride all my jewelry and Furniture and any other personal property of which I may be possessed at the time of my death.

"I herewith appoint S. W. Hawxhurst, of the Pacific Mail Steamship Company sole executor without bonds, knowing that he is perfectly trustworthy.

> "MARY A. HALL
> or
> "M. A. HALL.

"Nov. 30 1883

"Signed and witnessed by ANNE GALLAGHER."

If the legacy is vested, the payment is subject to the control of the court: Curtis v. Lukin, 5 Beav. 155, Code Civ. Proc., sec. 1658. See Saunders v. Vautier, Craig & P. 240, 4 Beav. 115.

Legacies are not payable until the expiration of one year: Civ. Code, sec. 1368. But section 1658, Code of Civil Procedure, authorizes the court to control the payment of the legacy by investing it with a power to order payment upon the expiration of four months from date of issue of letters.

It is plain, therefore, that the word "entitled" as used in section 1658, Code of Civil Procedure, refers to the vesting of the legacy.

The legacy is vested: Civ. Code, sec. 1341. This section is express; the age can make no difference; the age specified in the section is but illustrative of its operation; if a bequest to a person on attaining the age of majority is vested on the death of the testator, so by parity of reason is a bequest to a person on attaining the age of twenty-five years.

It being the policy of the law to promote alienation, any disposition which would interfere with this policy must be couched in explicit terms, else the construction will be in accordance with such policy.

We therefore find it a well-established rule of law that a bequest must be construed to be vested unless the testator has in terms declared otherwise: Eldridge v. Eldridge, 9 Cush. 516, per Shaw, C. J., a case directly in point; 2 Redfield on Wills, 238, quoting from case of May v. Wood, 3 Bro. C. C. 471.

If this legacy is contingent, it follows that it is in abeyance, in nubibus. This the law abhors, because of its policy in favor of alienation. To prevent an estate being in abeyance, according to Blackstone, the rule in Shelley's case was adopted: Norris v. Hensley, 27 Cal. 444 et seq.

The fact that no limitation over is made in the event that legatee dies before attaining the age prescribed is a strong circumstance indicating an intention to vest the legacy on the death of the testatrix: 2 Redfield on Wills, star page 227; Furness v. Fox, 1 Cush. 134, 48 A a. Dec. 593.

That there is a residuar_ legate( can make no difference in the application of this rule: Furness v. Fox, 1 Cush. 134, 48 Am. Dec. 593.

This rule at least raises a doubt as to the intention of the testatrix, and to quote the apt language of Best, C. J., in Duffield v. Duffield, 1 Dowl. & C. 311: "It has long been an established rule in construing devises (legacies) that all estates are to be holden to be vested except estates in the devise (bequest) of which a condition precedent to the vesting is so clearly expressed that the courts cannot treat them as vested without deciding in direct opposition to the terms of the will. If there be the least doubt, advantage is taken of the circumstances occasioning the doubt; and what seems to make a condition is holden to have only the effect of postponing the right of possession": Kimball v. Crocker, 53 Me. 263.

Whatever cases are cited against this position are inapplicable because determined under a policy which was antagonistic to alienation, and in the language of the supreme court of Pennsylvania, "when we follow the lead of judicial cases that are founded on peculiar or obsolete ideas, we step aside from the highways of social movement and tend to produce or perpetuate disorder. Judicial cases ought to show us the historical development of principles, and these having stood the test of social experience ought to be our guide. For the present case we have a plain and admitted principle on which we can confidently rely. It applies to both devises and legacies and enters into the life of a rule which is specially applicable here. The principle is this: the law always and naturally inclines to attribute the real and substantial ownership of property to some existing person, even in the case of a trust, and never to leave any part of it in abeyance. In other words, it always inclines to treat the whole interest as vested and not as contingent, and therefore in cases of doubt or mere probability it declares the interest vested": Letchworth's Appeal, 30 Pa. 178; Norris v. Hensley, 27 Cal. 445.

The application should be granted.

---

The Law Favors the Vesting of Interests (Williams v. Williams, 73 Cal. 99, 14 Pac. 394), and testamentary provisions (Martinovich v. Marsicano, 137 Cal. 354, 70 Pac. 459; Estate of Fair, 132 Cal. 523, 578, 84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000; Christofferson v. Pfennig, 16 Wash. 491, 48 Pac. 264), including devises and bequests to a person on attaining majority (Fitch v. Miller, 20 Cal. 352; Dunn

v. Schell, 122 Cal. 626, 55 Pac. 595; Warren v. Hembree, 8 Or. 118), are presumed to vest at the testator's death. Legacies to be paid or distributed at a future time vest in the legatees immediately, only their enjoyment being postponed to the time of payment or distribution, unless the will evinces a contrary purpose and intention on the part of the testator: Williams v. Williams, 73 Cal. 99, 14 Pac. 394; Estate of Pearsons, 113 Cal. 577, 45 Pac. 849. In Estate of Rogers, 94 Cal. 526, 29 Pac. 962, a legacy was held conditional, to take effect only in case the legatee reached a certain age: See, too, Eldred v. Meek, 183 Ill. 26, 75 Am. St. Rep. 86, 55 N. E. 536. It has been decided that a gift by will to a person, if or when he shall attain a certain age, does not vest until that age is attained: Eldred v. Meek, 183 Ill. 26, 75 Am. St. Rep. 86, 55 N. E. 536. See, also, Webb v. Webb, 92 Md. 101, 82 Am. St. Rep. 499, 48 Atl. 95.