## Estate of PATRICK CLANCY, Deceased.

[No. 4,750; decided May 23, 1894.]

Will.—In Construing a Will the Whole Instrument must be considered in order to arrive at the intention of the testator.

Will.—Positive Provisions in a Will are not to be Overcome by inference.

Will.—In Order to Reach the Obvious General Intent of a testator, implications may supply verbal omissions.

Will.—A Conditional Devise Necessarily Implies that the devisee shall be living at the time of the happening of the condition.

Will—Vesting of Gift.—Testamentary Dispositions, including devises and bequests to a person on attaining majority, are presumed to vest at the testator's death, but this presumption may be rebutted.

Will.—A Conditional Disposition is One which depends upon the occurrence of some uncertain event, by which it is either to take effect or be defeated.

Will.—A Condition Precedent in a Will is One which is required to be fulfilled before a particular disposition takes effect.

Will.—A Legacy is Contingent or Vested, just as the contingency, if any, is annexed to the gift or to the payment of it.

**Will.**—The Question of Vesting or not Vesting is to be determined by the fact whether the gift is immediate and the time of payment or of enjoyment is only postponed, or whether the gift is a future and contingent one depending on the happening of a particular event. If futurity is annexed to the substance of the gift, the vesting is suspended. The point that determines the vesting is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift as a condition precedent.

**Will—Contingent Devise.**—Where one devised to his son and four daughters, share and share alike, certain real property, to be distributed to them when the youngest child should become of age, unless the testator's wife should before that time die or marry, in either of which events distribution to take place as soon as possible; the will further provided that if the son should die before distribution, the share to which he would have been entitled should go to testator's sister; there was no provision that the share of the sister, in case of her death before distribution, should go to her heirs; the son and the sister died before distribution could be had under the will; upon application by the heirs of the sister for the share thus conditionally devised to her, it was held that such devise was contingent upon the death of the son before the time for distribution and upon the survival of the sister until after such time, and that both the son and sister having died before such time, the sister's contingent interest terminated with her death, and her heirs are not entitled to take anything under the will.

**Will—Trust—Precatory Words.**—Where one devised an interest in certain property to his son, the same to be distributed to him upon the happening of a particular event, and also expressed a desire that in the event of distribution to the son, the testator's sister should take the same in trust for the son, it was held that the desire thus expressed was merely precatory, and that the devise to the son being direct, the will created no trust in the sister.

Patrick Clancy died on October 28, 1885, and the will set forth in the opinion below was admitted to probate on November 30, 1885.

On March 27, 1894, Mary T., John J. and Edward Feeney filed a petition for distribution to them of the share of the above-named estate conditionally devised to Bridget Feeney, their mother. The latter died on October 20, 1889. Thomas Clancy, the son of the testator, died on May 15, 1890, and before the youngest child of the testator became of age. The testator's widow did not remarry, and died on April 18, 1894. The youngest child of the testator became of age before the filing of the petition by the children of Bridget Feeney.

Leonard S. Clark, for the petitioners.

Sawyer & Burnett, for the testator's daughters, opposed.

COFFEY, J. The following is a copy of the will of the testator:

"I, P. Clancy, a resident of the City and County of San Francisco, residing with my family at the corner of California and Walnut streets, of the age of about 50 years and of sound mind and memory, do make this my last will and testament.

"I have two children now living with me, by a former wife—Thomas Clancy, aged about 25 years, and Catherine, aged about 23 years; and I have also, by my present wife Henrietta, three children: Henrietta, Julia and Jessie.

"I give and bequeath to my wife all my personal estate of every kind and character and wheresoever situated. The real property where I reside with my family at the corner of California and Walnut streets is community property, it having been acquired by myself and my said wife during our marriage, but the real property on Leavenworth street, between Jackson and Pacific streets, was acquired by me before my said marriage and is my separate property. I desire my said wife to have her share, that is to say, the one-half of said community property, and I therefore make no devise to her of any real property, and I give, bequeath and devise to my said five children, share and share alike, subject to the conditions hereinafter mentioned, the whole of my community interest in the California street property and the whole of the Leavenworth street property.

"There shall be no distribution of said property until my youngest living child shall become of age, unless my said wife should before that time die or marry, in either of which events I wish distribution to take place as soon as possible. If either of my said daughters should die before said distribution, then the share to which such daughter would be entitled shall be divided equally among the remainder of all my living children. I desire and direct that my said wife shall manage the whole of said property, pay all taxes and all

other necessary expenses for repairs thereon, and pay off the balance of the mortgage thereon, which is now about $300, and to have and use all the rents, issues and profits thereof for her support and for the support and maintenance of all my said children. My son Thomas being of feeble intellect and scarcely competent to take care of himself, I especially enjoin upon my said wife to keep him, if possible, with the family and to provide for him as he shall need, and at all events to provide for his maintenance.

"If my said son Thomas should die before the distribution of said estate, then I hereby give, bequeath and devise the share to which said Thomas would be entitled to my sister, Bridget Feeney, widow, now residing at 1027 Vallejo street, in said city and county; and I hereby appoint and nominate said Bridget Feeney guardian of my said son Thomas, and in the event of a distribution to him, said Thomas, of his share of my said estate, I desire that said Bridget shall take and hold the same in trust for him, without bonds, for his benefit, and at his death that she shall have the residue thereof.

"I hereby appoint my said wife Henrietta and my said daughter Catherine executrices of this my last will and testament, with full power to manage the said estate, collect rents, make leases and do all necessary things for its proper management, and hereby provide that neither of my said executrices shall be required to give any bonds for the performance of any duty or trust imposed upon them hereby.

"In witness whereof I have hereunto set my hand and seal, the 19th day of September, A. D. 1885.

"P. CLANCY.   [Seal]

"The above instrument was at the date thereof signed, sealed, published and declared by the said P. Clancy as and for his last will and testament in presence of us, who at his request and in his presence and in the presence of each other have subscribed our names as witnesses thereto.

"JOHN MOLLOY,
"No. 1623 Clay St., San Francisco.
"LEONARD S. CLARK,
"No. 2011 Howard St., San Francisco."

The will devised and bequeathed to the five children of the testator certain property, "subject to the conditions hereinafter mentioned":

1. There shall be no distribution until the youngest child shall have reached the age of majority, or the widow shall die or remarry.

2. If either daughter shall die before distribution, the share that would have gone to such daughter shall go to the other living children.

3. The widow is to manage the property, etc., until distribution.

4. If Thomas should die before the distribution of the estate, then the testator gives to Bridget Feeney the share to which Thomas would be entitled.

5. In the event of a distribution to Thomas, of his share, the testator desires that "said Bridget shall take and hold the same in trust for him, without bonds, for his benefit, and at his death that she shall have the residue thereof."

It is to be noted that the will was drawn by a lawyer, and that no express provision is made that the share of Bridget Feeney, in case of her death before distribution, shall go to her heirs.

The omission of the testator to make such provision is a very significant fact, because if he had desired that the heirs of Bridget should take their mother's share he would have said so in the will. He may have desired to provide for his sister, as she was a widow; but it is scarcely probable he would take away property from his own daughter to give to his nieces and nephews. Such an intent should clearly appear on the face of the will.

Bridget Feeney died in October, 1889, and Thomas died in May, 1890—both events having taken place before the distribution could be had under the will.

The question for solution is whether Bridget Feeney's heirs take the share that would have gone to Thomas, had he lived; or whether Thomas' heirs take it; or whether, as to that interest, intestacy occurs.

The court cannot agree with counsel for petitioners, that the will created a trust in Bridget. The devise to Thomas

is direct—subject to the "conditions" in the will. The will nowhere, in direct terms, devises the property in trust to Bridget. The only provision in that regard is where it is provided "that in the event of a distribution to him (Thomas) of his share of my estate, I desire that said Bridget shall take and hold the same in trust for him." The will says, "I give, bequeath and devise to my said five children" (of whom Thomas was one); and then says in the event of a distribution to him of his share, the testator desires Bridget shall take and hold the same in trust, etc. If the will had devised the interest to Bridget, in trust for the uses and purposes mentioned, then a trust would have been created; but the will does not do so. The will makes a devise to Thomas, and provides for a distribution direct to him of his share.

Positive dispositions in a will are not to be overcome by inference. The "desire" is merely precatory.

It follows, then, that the interest of Thomas (whatever it might be) was one which he could dispose of, and would descend to his heirs.

The whole will must be considered, to get at the intention of the testator. An examination of the whole instrument will show that the devise to Mrs. Feeney was to take effect only in case she survived Thomas. "If my son Thomas should die before the distribution of my estate, I give, bequeath and devise the share to which said Thomas would be entitled to my sister, Bridget Feeney."

As no man would make a devise to a dead person, her survival of Thomas is necessarily implied. Further on the will provides for her appointment as guardian of Thomas. Can a man appoint a guardian who is dead? And as to the trust, which it is contended, was created by the will, how could she take in trust, unless alive?

The testator clearly meant that Bridget, to take, should be alive when the contingency on which she was to take arose. The court will supply the words, "if then living," in the proper place.

"In order to reach the obvious general intent of the testator, implications may supply verbal omissions": 1 Redfield on Wills, star p. 465, par. 17.

If the devise was to take effect only in case she survived, there was a condition precedent, which, not having been fulfilled, no estate vested: Civ. Code, sec. 1347.

The devise to Mrs. Feeney was a conditional disposition.

"A conditional disposition is one which depends upon the occurrence of some uncertain event, by which it is either to take effect or be defeated": Civ. Code, sec. 1345.

The first "uncertain event" in the case at bar is the death of Thomas before distribution. It is evident that such an event was uncertain. The second was the "distribution to Thomas of his share of my estate." Thomas might, or might not, have lived to take distribution; and, hence, this event was uncertain. The will itself shows that, because it says "in the event of a distribution."

It will be borne in mind that Mrs. Clancy had an estate in the property until distribution—that is, she was to receive the rents and profits. If Thomas survived, he was to have one-fifth; and, if he died before distribution, the share he would be entitled to goes to Mrs. Feeney.

The leading inquiry upon which the question of vesting or not vesting turns is whether the gift is immediate, and the time of payment or of enjoyment only postponed; or is future and contingent, depending on the beneficiary arriving at age, or surviving some other person, or the like. If futurity is annexed to the substance of the gift, the vesting is suspended: Everitt v. Everitt, 29 N. Y. 75.

A legacy is contingent or vested, just as the contingency, if any, is annexed to the gift, or to the payment of it: Majors v. Majors, 32 Gratt. 819.

The point that determines the vesting is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift as a condition precedent. If the arrival of the time is a condition without which the testator would not have made the bequest, as in the case of marriage or puberty, then in the very nature of things the time is annexed to the substance of the gift: McClure's Appeal, 72 Pa. 414.

But where the legacy is not given until a certain future time, it does not vest, and, if the legatee dies before, it is

lost: Reed's Appeal, 118 Pa. 220, 4 Am. St. Rep. 588, 11 Atl. 787.

When the time is annexed to the gift itself, and not to payment only, as a legacy to a legatee at twenty-one, or "if" or "when" he attains that age, the legacy does not vest. His attaining that age is a condition precedent, and if he dies before attaining that age the legacy never vests: Gifford v. Thorn, 9 N. J. Eq. 702; Clayton v. Somers, 27 N. J. Eq. 230; Snow v. Snow, 49 Me. 159; Travis v. Morrison, 28 Ala. 494.

Now, this will provides, "if my son Thomas should die before distribution" the share to which he would be entitled shall go to Mrs. Feeney.

The death of Thomas was the event which was "annexed to the gift itself," as without it the testator could not have made the gift to her. And as she died before the time, the gift was lost.

But aside from authority—if we look at the will—how could Mrs. Feeney have an estate that was vested while Thomas was alive? She had only a contingent interest, which would take effect on his death, and, as she died before him, her interest ceased with her death.

Again, if either had a vested interest Thomas was that one. If his interest was vested, then hers was not; because there cannot be two vested interests at the same time in the same property.

Section 695 of the Civil Code says, "a future interest is contingent whilst the person in whom, or the event upon which, it is limited to take effect remains uncertain."

According to the will, if Thomas died before distribution, Mrs. Feeney was to take. The above-cited section provides that whilst the event on which the future interest is limited remains uncertain the interest is contingent; and hence, whilst Thomas was alive, and his death before distribution was uncertain, Mrs. Feeney's future interest was contingent. As she died before the death of Thomas, her interest, being contingent, died with her.

As stated, Thomas died before distribution was made. His being alive and distribution made to him were conditions precedent to taking under the provisions of the will which provided for that event.

What has been said on the other provisions of the will applies equally to the one under consideration. Testamentary dispositions are presumed to vest at the testator's decease: Civ. Code, sec. 1341. But this is only a presumption, which may be rebutted or overcome by the will or by law.

Thomas Clancy died intestate, and whatever interest he had went to his sisters, who were his heirs at law.

If Thomas had died before the testator, and Mrs. Feeney had died before Thomas, certainly her heirs could not have come in. If she had lived after Thomas, then section 1344, Civil Code, cited by counsel for petitioners, might have been in point.

In the Goldtree case, 79 Cal. 613, 22 Pac. 50, the devise was in trust to pay the income to certain persons named, and on their death the corpus of the estate was to go to certain children when they arrived at majority or married. Of course, the corpus of the estate went to the children, but as none of them died no such question as is here presented arose.

In Re Reinhardt, 74 Cal. 365, 16 Pac. 13, the supreme court held, affirming the court below (Department Nine, Probate, San Francisco), that the husband took a determinable life estate under the will, and that, as to the rest of the estate, the decedent died intestate. In that case the children took under the statute of descents and distributions.

Williams v. Williams, 73 Cal. 99, 14 Pac. 394, was where a bequest of money was made to vest absolutely, to be paid at a certain time.

In Re Williamson, 75 Cal. 317, 17 Pac. 221, the court held that the intention of the testator was to give Robert only one-half, and that as to the other half (the wife's share) there was intestacy; and it went "to the heirs as the law directs."

In re Dolan, 79 Cal. 65, 21 Pac. 545, holds that under the devise in trust the beneficiary had no life estate or right of possession, but could only enforce the trust.

The conclusion of the court is therefore fourfold:

1. That Mrs. Feeney had only a contingent interest, and, as she died before the "event" on which it was to take effect, her devise was lost.

2. That the testamentary disposition to her was on conditions precedent, and did not take effect.

3. That as to Thomas' share there was intestacy.

4. If there was no intestacy as to the share of Thomas, it went to his heirs (his sisters), and not to the heirs of Mrs. Feeney.