###### IN THE

## SUPREME COURT OF JUDICATURE

###### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1852, IN THE THIRTY-
SIXTH YEAR OF THE STATE.

---

Doe on the Demise of Clendenning and Others *v.* Lanius
and Another, Executors.

A naked power or direction given by a will to an executor to sell land for
the purpose of paying legacies or making distribution, does not vest in
him any title to the land.

The legal estate, in such case, is divested when the executor executes his
trust, but, in the meantime, until a sale is made, it is in the heir, who is
entitled to the profits.

To cut off the heir at law, the estate must be devised expressly, or by im-
plication, to some other person.

ERROR to the *Franklin* Circuit Court.

SMITH, J.—Ejectment by the heirs at law of *Nixon Oli-*
*ver*, against his executors. The action was commenced
on the 6th of *October*, 1849, and resulted in a judgment
for the plaintiff.

The cause was submitted to the Court, without a jury,
upon an agreed statement of the facts.

By that statement, it appears that *Nixon Oliver* died,
leaving a will, which was admitted to probate on the 5th

Monday,
November 22.

VOL. III.—56

of *March*, 1849. The will commences in the following words:

" As to such goods as Almighty God has blessed me with, I devise and bequeath as follows, viz.: I desire and will that the hereinafter described parcel of land shall, within one year after my decease, be sold for cash payments by my executors, that I may the better carry out my purposes and designs, namely, all the land owned by me north of the turnpike road, situated in the county of *Franklin*, and state of *Indiana*, and known and described as follows: (here follows a description of a part of the south-east quarter of section No. 20, &c., by metes and bounds, containing 110 acres.) The above-described premises, when sold and converted into cash as already provided for, I desire and will to dispose of in the following way and manner, viz.: I will and bequeath to my half-brother *William Oliver's* son, *John Oliver*, 300 dollars; to my half sister, *Mary Ann Oliver*, 100 dollars; (here follow bequests to several other relatives of different sums of money,) each and all of the above-named persons being now in *Ireland*. I give and bequeath to *Mary Cooney*, now in *America*, near *Adamsville*, *Ohio*, 100 dollars. I also desire and will that should the above-described tract or parcel of land sell for more than the several gifts abovementioned, together with the expenses of my funeral, the furnishing a suitable tombstone, and the expenses of settling up my estate, then, and in that case, all the above-named persons, both in *Ireland* and *America*, shall, in proportion to their several amounts, receive the residue, be it little or much."

The will then directs that all the lands of the testator situated south of said turnpike, shall be sold by his executors to pay legacies to certain relatives residing in the *United States*.

The defendants in this suit were appointed executors by the will, and they were duly qualified. The lessors of the plaintiff are the heirs at law of the testator residing in the *United States*.

The main question in the case is, whether, by the terms

of the will, a right to the possession of the premises in controversy, they being the land owned by the testator north of the turnpike road, was given to the executors.

We think it is well settled by the current of *American* as well as of *English* decisions, that a mere direction to an executor to sell lands for the purpose of paying legacies or making distribution, does not vest any title to the land in the executor. To cut off the heir at law, the estate must be devised expressly, or by implication, to some other person (1). This question was discussed at considerable length, and numerous cases are cited in the case of *Jackson* v. *Schauber*, 7 Cow. 187, in the Supreme Court of *New York*, and also in the same case in the Court of Errors of that state. 2 Wend. 1 (2).

There are cases in which, because the general objects of the will could not be otherwise carried into effect, the Courts have sought out particular expressions in the will for the purpose of enabling them to give the estate to the executor by implication; but where there is merely a naked power to sell the estate and distribute the proceeds, it is not necessary that the executor should have the title to the estate to enable him fully to carry into effect the intentions of the testator. In that case, the legal estate will be divested the moment the executor executes his trust, but, in the meantime, and until a sale is made, the heir is entitled to the profits.

In the will given in evidence in the present case, there is no express devise of the land in controversy to any person, and as a devise to the executors cannot be implied from the necessity of such a devise to give effect to the intentions of the testator, the legal title descended to the heirs at law, and they were entitled to retain possession until the powers given to the executors were executed.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. D. Howland* and *J. Ryman*, for the plaintiff.

*G. Holland*, for the defendants.

(1) See *McIntire* v. *Cross, post*, p. 444.

(2) Mr. *Sugden*, in his Treatise on Powers, states the law thus: A devise of land to executors to sell, passes the interest in it, but a devise that exe-

Nov. Term,
1852.

cutors shall sell the land, or that lands shall be sold by the executors, gives them but a power. And it seems that even a devise of land by a testator to be sold by his executors, without words giving the estate *to them*, will invest them with a power only, and not give them an interest. 1 Sugden on Powers, 129, 132.—See, also, 4 Kent's Comm. 320.—*Marsh* v. *Wheeler*, 2 Edw. Ch. 156.—*Bradshaw* v. *Ellis*, 2 Dev. and Bat. Ch. 20.—*Hope* v. *Johnson*, 2 Yerg. 123.—*Jameson* v. *Smith*, 4 Bibb, 307.