## WILSON'S Executor *v.* RUDD and Another.

In 1858 A died, leaving a widow, five children, and seven grand-children. His will contained these provisions: "2. I give and bequeath to my wife two beds and bedding, to be selected by her; twenty-five dollars a year, as long as she lives, and a good, comfortable support during her life; also, the use, during life, of the house we now occupy, together with the furniture and other articles necessary to keep house.  3. I give and bequeath to my grandchildren [naming them] one hundred dollars each.  4. After the payment of all legacies, I give and bequeath to my children, [naming them, *John Wilson, Jr.,* being one] and my grandchildren, [naming them] and their survivors, all my estate, both real and personal, to be divided among them, said grandchildren to take jointly one-sixth thereof.  5. If my wife dies before me, or, surviving me, does not accept the provisions of this will, then I direct that all my real estate be sold by my executor, at public or private sale, as he may think best; if at public sale, for not less than two-thirds of the appraised value thereof; if at private sale, at the full appraised value, etc.  6. If my wife survives me, and accepts the provisions of this will, then I direct that none of the legacies, except the provisions for her, be paid until her death. Immediately after her death, I direct that my real estate be sold as provided for in item 5 of this will; the special legacies to be paid first out of the proceeds of such sale, and after the payment thereof, the balance of such proceeds, and all my personal estate, be distributed among my children and grandchildren, as directed in item 4 of this will." Said will was admitted to probate, and the widow accepted its provisions and entered into the possession and enjoyment of the real estate thereby devised. In 1859, B recovered a judgment against said *John Wilson, Jr.,* in the *Morgan* Circuit Court, upon which execution was issued, and levy thereof made on his interest in said real estate.

*Held,* that *John Wilson, Jr.,* under the provisions of said will, had a vested interest in said real estate, which, under the law of this State, is subject to levy and sale on execution.

APPEAL from the *Johnson* Circuit Court.

DAVISON, J.—This was an action by *Jacob Giles*, executor, etc., against *James Rudd* and *Eli Butler*, to enjoin the sale, on execution, of real estate. Defendants demurred to the complaint; but the demurrer was overruled, and they excepted. Final judgment was given against them.

The facts alleged are as follow: In February, 1858, *John Wilson, Sr.*, died, leaving a widow, five children, and seven grandchildren. At his death he left a will, which contained these provisions: 2. I give and bequeath to my wife, *Jane Wilson*, two beds and bedding, to be selected by her, twenty-five dollars a year as long as she lives, and a good, comfortable support during her life; also, the use, during life, of the house we now occupy, together with the furniture and other articles necessary to keep house. 3. I give and bequeath to my grandchildren, *Desdemonia Furguson*, *Nancy Cassel*, *Betsey Clark*, *John Clark*, and *Catherine Clark*, one hundred dollars each. 4. After the payment of all legacies, etc., I give and bequeath to my children, *James Wilson*, *Serah Terhune*, *John Wilson*, *Jr.*, *William Wilson*, and *Richard Wilson*, and my grandchildren, *Jorden Hunt* and *James Hunt*, and their survivors, all my estate, both real and personal, to be divided among them, said grandchildren to take jointly one-sixth thereof. 5. If my wife dies before me, or, surviving me, does not accept the provisions of this will, then I direct that all my real estate be sold, by my executor, at public or private sale, as he may think best: if at public sale, for not less than two-thirds of the appraised value thereof; if at private sale, at the full appraised value, etc. 6. If my wife survives me, and accepts of the provisions of this will, then I direct that none of the legacies, except the provisions for her, be paid until her death. Immediately after her death, I direct that my real estate be sold as provided for in item 5 of this will; the special legacies to be first paid out of the proceeds of such sale, and, after the payment thereof, the

Wilson's Executor *v.* Rudd and Another.

balance of such proceeds, and all my personal estate, to be distributed among my children and grandchildren, as directed in item 4 of this will.

It is averred, that said will was duly admitted to probate, that the widow accepted its provisions, and is in the possession and enjoyment of the real estate thereby devised. And further, it is averred, that, on the 17th of May, 1859, the defendant, *James Rudd*, recovered a judgment, in the *Morgan* Circuit Court, against *John Wilson, Jr.*, one of the children and devisees named in the will, for eleven hundred and sixty-one dollars, upon which judgment an execution has been issued, and placed in the hands of *Eli Butler*, the proper sheriff, who has levied it upon all the interest of said *John Wilson, Jr.* in and to the real estate so devised, etc. The relief sought is, that the defendants be enjoined from selling the estate levied on, etc.

The only question to settle is, Had *John Wilson, Jr.*, in virtue of the testator's will, a leviable interest in the property?

We have a statute which says: " The following real estate shall be liable to all judgments and attachments, and to be sold on execution against the debtor owning the same, or for whose use the same is holden, viz.: 1. All lands of the judgment debtor, whether in possession, reversion, or remainder. 2. Lands fraudulently conveyed, with intent to delay or defraud creditors. 3. All rights of redeeming mortgaged lands: also, all lands held by virtue of any land-office certificate. 4. Lands, or any estate or interest therein, holden by any one in trust for, or to the use of another. 5. All chattels real of the judgment debtor." 2 R. S., pp. 153, 154.

These provisions, it seems to us, make every interest which a judgment debtor has in real estate, liable to execution. It is, however, insisted that, under the will, *John Wilson, Jr.* has really no interest in the land levied on; but a mere expectancy to share its proceeds when sold by the

executor. We are not inclined to adopt that conclusion. By the fourth and sixth clauses in the will, the legal title to the lands vested, directly, in the testator's children and grandchildren. Nor does the provision in the will which directs the sale of the lands, after the death of the widow, and the distribution of the proceeds, at all conflict with the position that the devisees hold a vested interest. *Rumsey* v. *Durham*, 5 Ind. 71, is precisely in point. In that case, "A testator, by his will, gave to his wife, as long as she should remain his widow, the use, etc., of all his real and personal property, for the support of herself and family." The will then proceeded as follows: "After the death or marriage of my wife, my will is, that all my property, real as well as personal, shall be sold, and be equally divided among my children." "*Held*, that the property vested in the children at the decease of the testator." This decision, when applied to the case at bar, at once shows that, in the real estate devised by the will, *John Wilson, Jr.* had a vested interest, and, consequently, a leviable interest, which may be sold on execution. The purchaser at sheriff's sale may not, it is true, have the right to enter upon and possess the property sold, under the sheriff's deed, but the sale and deed will invest him with all the interest which the execution-defendant has in the property, or may have in its proceeds, when sold by the executor, in virtue of the power to sell conferred by the will. The demurrer was, in our opinion, well taken, and should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, etc.

*W. R. Harrison* and *S. P. Oyler*, for the appellants.

*G. M. Overstreet* and *A. B. Hunter*, for the appellees.