Filed April 2, 1885.

No. 11,462.

BALLENGER v. DROOK ET AL.

WILL. — Life-Estate. — Remainder. — Title.— Judgment Lien. — A will directed that after the termination of a life-estate in the surviving widow, the executor should sell the testator's real estate, and divide the proceeds, one-tenth to each of the testator's ten children. During the life of the widow, a creditor of one of the children recovered judgments against him. After the death of the widow, the administrator with the will annexed sold the real estate under the power in the will.

Held, that on the death of the testator, the title to the land vested at once in the children, subject to the widow's life-estate, and the executor's power of sale under the will, and that the judgments were liens upon the one-tenth interest of the judgment defendant.

Held, also, that the liens followed the fund in the hands of the administrator, and became liens thereon superior to any claim of the judgment defendant or his grantee, subsequent to the judgment.

From the Grant Circuit Court.

J. L. Custer, for appellant.

T. D. Evans, A. Steele and R. T. St. John, for appellees.

ZOLLARS, C. J.—A demurrer having been sustained to appellant's complaint, he appealed, and assigns that ruling as error.

The material averments of the complaint may be summa-

rized as follows: John Drook died testate in 1870, the owner of real and personal property, and left surviving his wife and ten children. After a provision for the payment of debts and funeral expenses, there is a provision in the will for the disposition of the remainder of the personal estate, and of the real estate, as follows: " The remainder thereof" (personal estate), " if any there be, I give and bequeath unto my wife Saloma, to remain her absolute property if she shall be living at the time of my decease ; and if there should be more than she uses, she may give it into the hands of my executors, and they shall dispose of the same at public sale, and divide the proceeds thereof equally among my surviving children, or their heirs, in way and manner hereafter directed. I also direct that my wife Saloma have the full possession and care of my farm whereon I live, during her lifetime. I also direct that my executors shall, after the decease of my wife, sell and dispose of all my property, both real and personal, that may remain, at public sale, * * and divide the proceeds thereof among my ten children in the following manner, * * to wit: *First.* I give to my son Daniel F. Drook one-tenth." A like direction is made as to each child.

In 1879 appellant recovered two judgments against Daniel F. Drook. On the 4th day of December, 1882, Daniel F. Drook sold and executed a deed to James Dill for his one-tenth interest in the real estate. In April, 1883, executions were issued upon appellant's judgments, and in June of the same year they were levied upon the undivided one-tenth interest of the real estate, as the property of Daniel F. Drook. Subsequent to the death of the widow, the administrator with the will annexed sold the land and personal property as directed by the will, and has the proceeds in his hands for distribution. Whether he made these sales before or subsequent to the issuing and levy of the executions, is not shown. The prayer of the complaint is that the one-tenth of the proceeds of these sales may be subjected and applied to the payment of the executions and judgments upon which they were issued,

in preference to any claims of Daniel F. Drook or his grantee, James Dill.

This same will was involved in the recent case of *Brumfield* v. *Drook, post*, p. 190, and it was decided, following the case of *Simonds* v. *Harris*, 92 Ind. 505, and previous cases, that upon the death of the testator the title to the land vested at once in the children, subject to the widow's life-estate and the executor's power of sale under the will, and that, therefore, they might convey their interest by deed. Following these cases, it must be held here that appellant's judgments were liens upon Daniel F. Drook's undivided one-tenth interest in the land. As Dill's deed was subsequent to these judgments, he took Drook's interest subject to them. When the land was sold by the administrator with the will annexed, under the power conferred by the will, Dill's title and appellant's judgment liens were at an end, so far as they could affect the land in the hands of the purchaser from the administrator. The judgment liens, however, are transferred to the proceeds of the sale in the hands of the administrator, and as they are prior, and hence superior, to any title that Dill acquired by his deed from Drook, they must be paid out of that fund, as against any claim that Dill or Daniel F. Drook can assert. *Gimbel* v. *Stolte*, 59 Ind. 446 ; *Milligan* v. *Poole*, 35 Ind. 64 ; *Spray* v. *Rodman*, 43 Ind. 225 ; *Wilson* v. *Rudd*, 19 Ind. 101 ; *Simonds* v. *Harris, supra*. As to the proceeds from the sale of the real estate, therefore, the complaint makes a case, and the demurrers thereto should have been overruled.

The facts stated in the complaint are not sufficient to entitle appellant to any portion of the proceeds from the sale of the personal property.

For the reasons stated the judgment is reversed, with instructions to the court below to overrule the several demurrers to the complaint, and to proceed in accordance with this opinion.

Filed April 7, 1885.