*Amos et al. v. Amos et al.*

Filed Jan. 22, 1889.

———————◆———————

No. 13,166.

## AMOS ET AL. *v.* AMOS ET AL.

DEED.—*Construction of.*—*Vesting of Remainder.*—Where a deed conveys land to A. for life, " and at his death to his children begotten by him in wedlock the fee simple," and, in the event of the said A. dying without children begotten in wedlock, then the fee simple to others, the birth of a child to A. in wedlock, and not its survival of the father, is the contingency upon which the remainder vests; otherwise the limitation would be void under sections 2962 and 2963, R. S. 1881.

SAME.—*Reference to Contemporaneous Will.*—*Instruments Construed Together.*—Where a deed refers to an instrument in the form of a will, executed by the grantor contemporaneously with the deed and as a part of the same transaction, and directs that it shall be construed in the light of the provisions of the will, the latter instrument, although the testator is alive and the instrument is not effective as a will, must be considered in construing the deed, and the grantee and all claiming through him are chargeable with knowledge of the provisions of the deed and will.

From the Rush Circuit Court.

| | |
|---|---|
| 117 | 19 |
| 119 | 530 |
| 117 | 19 |
| 129 | 64 |
| 129 | 90 |
| 117 | 19 |
| 131 | 208 |
| 117 | 19 |
| 137 | 418 |
| 117 | 19 |
| 143 | 260 |
| 117 | 19 |
| 146 | 229 |
| 117 | 19 |
| 150 | 469 |
| 152 | 496 |
| 117 | 19 |
| f171 | 384 |

*B. L. Smith, W. J. Henley, R. Hill* and *F. Winter,* for appellants.

*J. Q. Thomas, J. J. Spann, G. C. Clark, D. S. Morgan, J. A. New* and *E. W. Felt,* for appellees.

ELLIOTT, C. J.—On the 2d day of August, 1877, Joseph J. Amos, Sr., and his wife executed a deed to Liford K. Amos, which, omitting some of the formal parts and the description of the land, reads thus: " This indenture witnesseth that Joseph J. Amos and Emily H. Amos, his wife, of Rush county and State of Indiana, convey and warrant to Liford K. Amos during the term of his natural life, and at his death to his children begotten by him in wedlock the fee simple title to the real estate herein described, and in the event of the said Liford K. Amos dying without children begotten in wedlock, then the fee simple to said real estate is conveyed to my grandchildren living at the time of the said Liford K.'s death, and the children of such of my grandchildren as may die <u>after</u> the death of said Liford K., if any there should be, such children to take such interest in said real estate as their father or mother would have been entitled to if living." The deed also contains these provisions: " This deed is made in consideration of love and affection and in consonance with my last will and testament bearing even date herewith, and for the purpose of effectuating and carrying out the intention therein expressed, and should the court having probate jurisdiction have occasion to construe this deed, it shall be done in the light of the several clauses and provisions of said will."

At the time the deed was executed, Joseph J. Amos executed similar deeds to Mezzina J. Amos, Joseph J. Amos, Jr., Willard K. Amos, Joseph J. Caldwell and Claudine Caldwell, all of whom were the brothers and sisters of Liford K. Amos. Under the deed executed to him Liford took possession of the land. The grantor in that deed, as part of the transaction in which it and the similar deeds were exe-

cuted, caused to be drafted an instrument in form a will, wherein were written provisions respecting the disposition of his property after death, and also this provision: "I hereby devise and bequeath to my grandson, Liford K. Amos, during his natural life, and at his death to his children begotten by him the fee simple title to the land, and in the event of the said Liford K. dying without issue begotten by him in wedlock, then the fee simple title shall go to my grandchildren then living at the time of said Liford K.'s death, and the children of such grandchildren as may die after this date and prior to the death of Liford K., if any there should be, such children to take such interest in said real estate as their father or mother would have been entitled to if living." This instrument refers to the deeds executed by Joseph J. Amos, Sr., to his grandchildren, and declares that they shall be delivered after his death and become absolute immediately. There is in the instrument the further declaration that the property mentioned in it and in the deeds shall vest in such persons only as are of the blood of the author of the instrument.

Liford K. Amos continued in possession of the land until his death, which occurred in April, 1884. He left no children but left a widow. A child was born to him and his wife during his lifetime. His grandfather, Joseph J. Amos, Sr., is still living and is one of the appellees.

The instrument written at the time of the execution of the deeds is, of course, not effective as a will, since a will is voiceless and powerless during the lifetime of its author. But, while the instrument is not a will, it is, nevertheless, not to be disregarded in the work of construing the deed. The general rule is, that contemporaneous written instruments are to be taken as forming one contract. Possibly there might be some doubt as to whether this rule could apply where one of the instruments was inoperative for the purpose for which it was intended, and there was no reference in the principal and effective instrument to the collateral one;

but, however this may be, the rule must apply where, as here, there is a direct reference to the collateral instrument, accompanied by a positive direction that it shall be taken in connection with the principal instrument.

An old rule of the law is, that " Words to which reference is made in an instrument have the same effect and operation as if they were inserted in the clause referring to them." Broom Leg. Max. 673. It is obvious, therefore, that the instrument drafted as a will must, notwithstanding its lack of life as a will, be taken in connection with the deeds. The rights of the parties, consequently, depend upon the effect to be ascribed to both instruments considered together.

Liford K. Amos was, of course, bound to know the contents and legal effect of the instruments which gave him title. He and his heirs are chargeable with knowledge of the provisions of the deed, and of the will which entered into the deed by means of the reference made to it by the deed. So, too, were all those who claimed title through him bound to know the legal effect of the deed, considered in connection with the instrument purporting to be a will. They had, therefore, notice of the consideration, the character and the effect of the deed, with all its incidents.

The central question is, what is the contingency designated in the deed as that upon which the remainder shall take effect? Is it simply the birth of a child to Liford K. Amos, or is it the birth of a child and its survival? The appellees say : " We maintain that the deed executed by Joseph J. Amos, Sr., on the 24th day of April, 1882, conveyed to Liford K. Amos a life estate in the land therein and a remainder in fee to such child or children as might be born unto him in wedlock after that date." If the assumption contained in this proposition is valid, then the conclusion that counsel deduce from it necessarily follows; but the difficulty is in maintaining the assertion that the birth of a child vested the remainder. A vested remainder can not be divested, but no remainder is vested until the happening of

the contingency provided for in the deed by which the remainder was created; the question, therefore, is not as to the effect of the remainder, but as to the contingency upon which it is to take effect.

Neither the deed nor the instrument incorporated into it by way of reference, in express terms provides that the remainder shall take effect only in the event that Liford K. Amos shall have a child or children living at the time of his death. On the contrary, the words, taken in themselves and apart from any arbitrary rule of construction, imply that if a child is begotten in wedlock the remainder shall take effect. The words of the deed are, that the grantors convey and warrant " to Liford K. Amos during his natural life, and at his death to his children begotten by him in wedlock, and in the event of the said Liford K. Amos' dying without children begotten in wedlock, then the fee simple is conveyed to my grandchildren ; " and the words of the other instrument are, " I hereby devise and bequeath to my grandson, Liford K. Amos, and at his death to his children begotten, the fee simple title to the land, and in the event of said Liford K. dying without issue begotten by him in wedlock, then the fee simple title shall go to my grandchildren." It thus appears that the event fixed by the grantor on which the remainder shall take effect is the birth of a child or children, born in wedlock. It is not declared that the child or children shall survive him, but that the child or children shall be begotten in wedlock, implying that a child or children shall be born to him and his wife. Our judgment is that the remainder vested the instant a child was born to Liford K. Amos in lawful wedlock. The birth of a child is the contingency which vested the remainder. The Supreme Court of the United States, in an opinion written by one of the ablest judges that ever held a place in that great tribunal, quoted from Chancellor Kent the following language:  " 'A. devises to B. for life, remainder to his children, but if he dies without leaving children remainder over, both the remain-

ders are contingent, but if B. afterward marries and has a child, the remainder becomes vested in that child, subject to open and let in unborn children, and the remainders over are gone forever. The remainder becomes a vested remainder in fee in the child as soon as the child is born, and does not wait for the parent's death, and if the child dies in the lifetime of the parent, the vested estate in remainder descends to his heirs.' We have quoted this language," continues the court, " because of its appositeness to the case under consideration. The propositions stated are fully sustained by the authorities referred to. Other authorities, too numerous to be named, to the same effect, might be cited." *Doe* v. *Considine*, 6 Wall. 458.

Mr. Tiedeman says : " Thus, in a devise to A. for life, and at her death to her children, the remainder would be vested in the children who are *in esse* at the testator's death, and it will open to let in children born afterwards during the life of A., or during the continuance of her estate." Tiedeman Real Prop., section 402.

Professor Washburn states the rule in similar language : " Thus, upon the grant of an estate to A., with remainder to his children, he having none at the time, the remainder will, of course, be a contingent one ; but the moment he has a child born, the remainder becomes as fully vested as if it had originally been limited to a living child." 2 Washb. Real Prop., * p. 233.

Our conclusion that the remainder vested as soon as a child was born to Liford K. Amos in wedlock, is, as we believe, sustained by the authorities, and it is certainly in harmony with the fundamental doctrine that the law favors the vesting of remainders, and will, whenever possible, adjudge that they vest at the earliest possible moment.

In *Doe* v. *Considine, supra,* it was said : " The law will not construe a limitation in a will into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested. It is a rule of law that estates shall be held to vest at the earliest possi-

ble period, unless there be a clear manifestation of the intention of the testator to the contrary." Our own cases and our statute favor the conclusion we have reached. *Rumsey* v. *Durham,* 5 Ind. 71; *Wilson* v. *Rudd,* 19 Ind. 101; *Allen* v. *Mayfield,* 20 Ind. 293; *Ballenger* v. *Drook,* 101 Ind. 172.

The provisions of sections 2962 and 2963, R. S. 1881, require us to hold that the remainder vested as soon as the child upon whom the remainder was limited was born, or else to declare the limitation entirely void; but this we ought not to do if we can avoid it, since the rule is to give effect to instruments rather than to destroy them, and we find no great difficulty in giving effect to the deed.

The deed is the instrument of power. The will, as it is called, is of itself totally without force. Its only force is as a component part of the deed. The courts may look to it as a part of the deed to aid them in construing that instrument, but they can not give effect to it as a will. It is the deed, and the deed alone, that conveys the title and creates the estates for life and in remainder. This fact renders inapplicable the authorities cited by the appellants. A deed is effective from the instant of its delivery, but a will does not speak until the testator's death. It is perfectly clear that cases giving construction to wills can not apply with controlling force to deeds, for the instant the deed is delivered it has full force and vigor, while a will has not a spark of life until the death of its author; so that references to living children in a will necessarily mean, in the absence of countervailing provisions, children living at the time of the testator's death. What was the situation of the parties at the time of a testator's death is, in general, the material inquiry; but in the case of a deed the material inquiry is as to the condition of things and the situation of the parties at the time the deed was delivered. In this instance the life in being was that of Liford K. Amos, and the person or persons, in other words, the class upon whom the remainder in fee was. limited, was the issue of Liford K. Amos, begotten in wedlock. The re-

mainder is granted to children born to him, and the vesting of the remainder does not depend upon their outliving their father.

The complaint of the appellants avers that Liford K. Amos accepted the deed and entered into possession under it, so that there can be no question as to the delivery of the deed in the lifetime of the grantor. From the time of its delivery it became effective.

We need not decide whether the court properly decided the question of the rights of the appellees between themselves, for, if the appellants have not the title specifically pleaded and relied upon, they can not maintain this action to quiet title.

Judgment affirmed.

Filed Jan. 23, 1889.