(58 App. Div. 191.)

MANSBACH et al. v. NEW et al.

(Supreme Court, Appellate Division, First Department. February 15, 1901.)

1. WILLS—TRUSTS—PERPETUITIES.

A testator devised his realty in trust, the income of one-third to go to his wife for life; after her death, to his children until the majority of the youngest, or, in case she died before attaining majority, until the majority of the next older surviving child; the income of the remaining two-thirds to go to all the children equally, until the happening of the contingency aforesaid, when all the estate was to be sold, two-thirds of the proceeds to be equally divided among the children, and one-third to be invested, and the income paid to the wife for life, and after her death the amount so invested to be equally divided among the children, such provision for the wife to be in lieu of dower. *Held*, that the trusts first created terminated on the happening of a contingency which must take place within two lives in being at the death of the testator, at which time the property constituting the trusts was to be converted into personalty, and did not depend on the continuance of the life of the wife, and hence were not void as perpetuities

2. SAME.

The trust created by the investment of one-third of the proceeds of the whole estate for the wife was distinct from that created for her benefit pending the majority of the testator's children, since they did not embrace the same subject-matter, and were not dependent on one another, and hence the invalidity of the former trust did not make the latter invalid.

3. SAME.

The new trust created after the majority of the children in favor of the wife was void, as it postponed the ultimate vesting of the proceeds of the realty for a period longer than two lives in being.

Van Brunt, P. J., and Rumsey, J., dissenting.

Appeal from special term, New York county.

Action by Emanuel Mansbach and another, as executors, and Esther New, as executrix, under the last will and testament of Jacob New, deceased, and Edward A. New and another individually, against Florence New and others. From a judgment for defendants, plaintiffs appeal. Modified.

The following is the opinion of FREEDMAN, J., at special term:

"This is an action brought by the plaintiffs as executors, and by two of the plaintiffs in their individual capacity, for the construction of the last will and testament of Jacob New, deceased. After providing for the payment of certain legacies and the disposition of certain personal property in no way in contravention of law, the testator then devises his real property in a manner which one of the defendants claims renders the entire will invalid and void, so far as it relates to the disposal of such real estate. By the provisions of the will, the testator has created two separate and independent trusts. The first and second subdivisions of paragraph 9 of the will must be read in connection with each other, and by those subdivisions he provides that one-third of his real estate shall be held in trust, the net income thereof paid to his wife during her lifetime, and that after her death the said one-third shall be held for the benefit of all his children until his daughter Mabel New shall arrive at the age of 21 years, or, in case of her death prior to arriving at that age, then to be held in trust until the next older surviving child shall become of age. By paragraph 13 of said will, it is further provided that 'the provisions made in this will for the benefit of my wife, Esther New, are to be accepted by her in lieu and bar of all dower or thirds in my estate.' At the time of the death of the testator he left, him surviving, his widow, Esther New, and five children, two of which were under the age of 21 years, viz.

Mabel and Florence New. The trust created by the two subdivisions aforesaid provides for the suspension of the power of alienation for a period of one life and two minorities, a minority being equivalent to a life (Benedict v. Webb, 98 N. Y. 460), and is therefore ·a violation of the statute against perpetuities, and is void. As to the portion of the testator's real estate mentioned in those subdivisions, he must be deemed to have died intestate. The will must be considered as though no mention of the wife of the testator had been made therein, and all of the real property belonging to the testator at the time of his death will be burdened with the dower interest of the widow; for she cannot be deprived of the interest given her by statute in all the real estate of which her husband died seised by the creation for her benefit of an illegal and void trust, and asserting that she must take and accept such void provision in lieu of dower. The second trust created by subdivision 3 of paragraph 9 is valid, and terminates upon the arrival of Mabel New at the age of 21 years, or, in case of her death prior thereto, then upon the arrival of Florence at that age. During the continuance of this trust, the power of sale given under subdivision 4 of paragraph 9 and in paragraphs 10 and 11 are valid, the real· estate being subject to the right of dower of the widow therein. Subdivision 6 of paragraph 9 has reference to the invalid trust created by subdivisions 1 and 2 of paragraph 9, and is ·therefore ineffectual for any purpose, and falls with the trust to which it refers. The legacies provided for in the will are independent and valid bequests. The word 'surviving,' in subdivisions 2, 3, and 4 of paragraph 9, refers to the death of the testator. The foregoing construction violates no law, does equal justice to all the parties, and carries out the intent of the testator so far as the same can legally be done. Decision and judgment to be settled on notice."

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Sol. M. Stroock, for appellants.
David Bandler, for respondent Freeman.
David B. Cahn, guardian ad litem for infant respondents.

INGRAHAM, J. This action was brought to construe the will of Jacob New, deceased. The will was executed on the 10th of June, 1896, and the testator died on the 3d of January, 1898, leaving considerable real estate, all situated in the city and county of New York. The testator left, him surviving, a widow and several children, two of whom were infants. The question presented in this case is as to the validity of the devise of the testator's real estate contained in the ninth clause of the will. The testator therein devised all of his real estate to his executors, upon trust—First, "to hold one equal one-third part thereof during the life of my said wife, Esther New, and to pay to her during her life the net income of said one-third part"; second, "after the death of my said wife, to hold the said one-third part for the benefit of my children until my daughter Mabel New shall arrive at the age of twenty-one years, or until the coming of age of my next older surviving child, should my daughter Mabel not live to that age, and to pay the net annual income thereof to my children in equal shares"; third, "to hold the remaining equal two-thirds part thereof until my daughter Mabel New shall arrive at the age of twenty-one years, or until the coming of age of my next older surviving child, if my daughter Mabel should not live to that age, for the benefit of all my children [naming them], and to pay to each of them an equal one-fifth part of the annual net income thereof"; by the fourth subdivision directed that, "upon the coming of age of my

said daughter Mabel, or of my next older surviving child in case of her death, I direct my trustees to sell and dispose of all my trust estate at public or private sale, and give good and sufficient deeds for all real estate so sold, and divide the two-thirds of the net proceeds thereof among my said children, share and share alike"; and, by the sixth subdivision, directed his trustees "to invest an equal one-third of said net proceeds in bonds and mortgages upon good security, * * * and pay over the net income to my said wife until her death, and then to sell and dispose of the same in the same manner as hereinbefore provided, and divide the proceeds thereof among my said children, or their issue or survivors, in the same manner as hereinbefore provided for the other two-thirds of my estate." It was further provided that the provisions made in the will for the benefit of the testator's wife were to be in lieu of dower. In making this disposition of his property the testator seems to have intended to make provision for his wife in lieu of her dower in his real estate, and to postpone the distribution of his real property until all of his children should be of age. At the time of the making of the will there were two children who were infants, and his general intention was that his estate should be held by the trustees until both of those children should arrive at age. To accomplish that result, he created a trust which was to continue until his youngest surviving child should arrive at age. This seems to have been the predominating idea that pervades the whole of this will. Except so far as he made provision for his wife, all of his estate was to be distributed when his youngest surviving child arrived at age, and to accomplish that purpose he expressly provides that "upon the coming of age of my said daughter Mabel, or of my next older surviving child in case of her death, I direct my trustees to sell and dispose of all my trust estate [which, of course, would include the one-third that was held in trust for his wife, as well as the two-thirds held in trust for his children], * * * and divide the two-thirds of the net proceeds thereof among my said children, share and share alike." The existence of this trust did not depend upon the continuance of the life of his wife. Upon the happening of the contingency which must take place within the two lives in being at the death of the testator, the trusts created by this clause of the will that we have been considering terminated, and upon such termination of the trusts there was an imperative direction to sell the property constituting the trust. There was then an equitable conversion of the whole of the real estate, and a termination of the two trusts before created. I can see no reason why either of these trusts should be declared void. The trust created by the first and second subdivisions could not last longer than during the continuance of the lives of his two infant children upon whose death or coming of age it was limited. The property constituting the trust was then directed to be at once converted into money, and the proceeds thereof distributed. The learned judge before whom this case was tried seems to have considered that because, by the sixth subdivision of this clause of the will, a new trust of one-third of the proceeds realized from the sale of the real estate was created, which would, taken in connection with the trust created by the first and

second subdivisions, continue for a period beyond two lives in being at the time of the death of the testator, the whole of the trust created for the benefit of the widow by the first and second subdivisions of this ninth clause of the will was void; but it seems to me that the trust created by the first and second subdivisions, and that created by the sixth subdivision, were entirely distinct and separate trusts, not embracing the same subject-matter, and not necessarily dependent one upon the other. By the first and second subdivisions of this clause of the will, one-third of the testator's real property was to be held in trust for the purposes therein mentioned. By this provision the trustees were required to set apart one-third of the real estate, and hold such one-third for the purpose specified; but when that trust ended by a sale of all the property held in trust by the trustees, and the conversion of the whole of the testator's real estate into money, it was not the proceeds of this one-third of the real estate which had been held for the benefit of the widow that was to be continued to be held in trust for her benefit. The new trust which was then to be created was to be composed of one-third of the proceeds realized from all of the testator's real estate. It is evident that this sum of money that was to constitute the new trust created by the sixth subdivision of the ninth clause of the will might be a different amount from that realized by a sale of the one-third of the estate which had been set apart for the benefit of the widow under the first and second subdivisions of the clause of the will in question. It might be that the one-third of the real estate held under the first and second subdivisions of this clause of the will would, upon the final sale of the estate, sell for much more or for much less than one-third of the total amount realized from a sale of all of the testator's real estate. There was thus no identity between the two trusts. One was to be constituted by one-third of the specific real estate of which the testator died seised, to be set apart at the death of the testator, and the other was to be constituted by one-third of the net proceeds realized from the sale of all the testator's real estate at the termination of the trust; and, even though the estate was fairly divided at the time of the testator's death, with the fluctuations of the value of real estate during the period that this trust created by the first, second, and third clauses of the will was to continue, the amount to be held in trust under the sixth clause of the will might and probably would be a different sum than that realized by the sale of the one-third of the testator's estate which had been held by the trustees under the first and second subdivisions. There is nothing to identify these two trusts, except the beneficiaries. They are absolutely distinct, to consist of different property, quite possibly different in amount, and the trust created by the sixth clause was to be created, not at the time of the testator's death out of any property which he then had, but from the proceeds of all of the testator's real estate when sold at the termination of the first trusts created. That the provisions of the fourth subdivision of this clause was an equitable conversion of the real estate, and thus essentially changed the character of the trust property, seems to be settled. In Stagg v. Jackson, 1 N. Y. 206, it was held that where the testator's direction to sell the

land was absolute, although the executor had discretion in respect to the time of the sale, the principle of equitable conversion applied, and the real estate was converted by the devise and direction to change into personalty. The same principle was applied in Everitt v. Everitt, 29 N. Y. 70; Hood v. Hood, 85 N. Y. 569; Greenland v. Waddell, 116 N. Y. 238, 22 N. E. 367; and Lent v. Howard, 89 N. Y. 176. In Phelps v. Pond, 23 N. Y. 69, it was expressly held that, where the testator intended that the whole real estate should be sold and converted into money prior to the general distribution, the doctrine of equitable conversion applied, and this although, as in that case, a final division of the estate was postponed during the two lives. And in Savage v. Burnham, 17 N. Y. 561, it was held that where a valid trust was created during the life of a widow, with a direction upon her death to sell the property and convert it into personalty, "when that period arrives the estate will be deemed to undergo the change directed by the will, whether then actually sold or not."

Upon the arrival of age, therefore, of the surviving infant daughter of the testator, the property became, by operation of law, under the doctrine of equitable conversion, personalty in the hands of the trustees, to be distributed as directed by the testator. As to two-thirds of the proceeds realized from the sale of this property, the trustees were required to distribute it immediately among the surviving children of the testator, the issue of any one dying to take the share of the parent; but as to one-third of the proceeds of such estate a new trust was created by the sixth subdivision of this clause of the will, by which the trustees were directed to invest such one-third of the net proceeds, and to pay the net income to the testator's wife until her death, and then to divide the same among the testator's children. It seems to me that this new trust thus attempted to be created was void, as it postponed the ultimate vesting of the proceeds of this real estate for a period longer than two lives in being at the death of the testator. Whether we treat this as real estate or personal property, any provision whereby the absolute ownership was suspended for a longer period than during the continuance and until the termination of two lives in being at the death of the testator was void. 1 Rev. St. pt. 2, c. 1, art. 1, § 15, and Id. c. 4, tit. 4, § 1; Real Property Law (Laws 1896, c. 547) § 32; Personal Property Law (Laws 1897, c. 417) § 2. It seems to me, however, that the validity of the trust established by the first, second, and third subdivisions of the ninth clause of the will is not affected by the invalidity of the subsequent provision creating a new trust for the benefit of the wife by subdivision 6. It is true that the testator intended to make provision for his wife after the termination of the trust by the creation of this new trust of one-third of the proceeds of his real estate, but, as that provision is void as postponing the absolute ownership of this property for a longer period than that allowed by law, to that intention no effect can be given. That full effect cannot be fully given to the intention of the testator to provide for his widow does not justify us declaring void all the provisions made for her benefit. She can refuse to accept the provisions of the will in lieu of dower, or she can accept the provi-

sions, in which case she would be entitled to the income of one-third of the real estate until the youngest surviving daughter arrives at age; and then, the proceeds of the real estate being equitably converted into personalty, and held by the trustees as personal property, the testator died intestate, as to the one-third that was to constitute the trust; and the said one-third of the proceeds would then be distributed among the widow and the next of kin of the testator as in case of intestacy, of which, therefore, the widow would be entitled to one-third thereof absolutely. If the whole of this ninth clause of the will or the trust created by the first and second subdivisions be declared void, because of the attempt of the testator by this sixth subdivision of the ninth clause to create a trust prohibited by the statute, the widow would then be only entitled to her dower in the real estate, with no provision made for her by the will. So far, therefore, as the provision for the widow is concerned, this construction that we have indicated would seem to be more advantageous to her than is the judgment appealed from, and more in conformity with the intention of the testator. That this provision in the sixth subdivision of the ninth clause of the will can be declared void without affecting the valid trust contained in the first, second, and third subdivisions of the clause in question seems to me to be settled by authority. Thus, in Savage v. Burnham, 17 N. Y. 561, the question was presented whether ultimate limitations ever could be dropped, and the primary disposition of the estate be allowed to stand, and it was held that this could be done if the intention of the testator will be thereby effectuated rather than defeated; and that case was followed in Harrison v. Harrison, 36 N. Y. 544, where it is said: "The principle is now well settled that the courts lean in favor of the preservation of all such valid parts of a will as can be separated from those that are invalid without defeating the general intent of the testator." In Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585, it was held that the trust terms sought to be created were in hostility to the statute, but "where several trusts are created, and those which render the entire disposition illegal can be separated, and the legal upheld without doing injustice or defeating that which the testator might be presumed to wish, that which is illegal, or which added to others renders the whole illegal, may be cut off, and the intention of the testator given effect so far as the statute will permit." It would seem that effect can be given to the intention of the testator to a much greater extent by the construction before indicated than by holding the trust created by the first and second subdivisions of the ninth clause of the will void, or by holding the whole trust to be void. In either case, the widow of the testator would obtain just what she has now,—that is, a right to her dower, if she elects to take it,—and, in addition to that, she has by this construction the right to elect to take this provision made for her during the minority of these two children of the testator, with a right to the one-third of the one-third of the proceeds of the real estate as to which the testator died intestate. There is nothing in the case of Benedict v. Webb, 98 N. Y. 450, that in any way conflicts with this conclusion. It was there held that a limitation upon the minority of two persons is a limitation upon their lives, and that the absolute

ownership of the property could not be suspended to a period beyond such minorities; but in determining that case the court says:

"We should feel disposed to the trust in favor of the other children, except that for the reason to uphold those, while setting aside the trust in favor of Anna Augusta, would seriously interfere with the intention of the testator that all the children and their issue should share equally in his estate, and would produce great injustice. The result of suspending the trust in favor of the other children would be that each would take one-fourth share of the estate, and also, as heirs and distributees, an equal share with Anna Augusta in the share intended for her. No case, we think, can be found which would justify upholding a part of a will, when by so doing it would produce such manifest injustice."

No such injustice will result in this case from this construction of the will, but, on the contrary, effect would be given to the expressed intention that the estate should not be sold until the coming of age of the youngest of his infant daughters, and a substantial provision for the widow secured.

It follows that the judgment appealed from must be modified by declaring valid the trusts created by the first, second, and third subdivisions of the clause of the will in question, and as void the trust created by the sixth subdivision of the said clause, and upon the termination of the trusts that one-third of the proceeds of the testator's real estate be declared personalty, and be distributed among the widow and next of kin of the deceased as personal property, the costs of the plaintiffs and the guardian ad litem to be paid out of the estate.

McLAUGHLIN and HATCH, JJ., concur.

VAN BRUNT, P. J. (dissenting). For the reasons stated in the opinion of Mr. Justice FREEDMAN in the court below, I think the judgment should be affirmed.

RUMSEY, J., concurs.