Nov. Term,
1854.

Scott and Wife *v.* Morrison and Another, Executors.

The personal estate of a decedent constitutes the primary fund for the payment of debts.

A testator may, however, exonerate his personal estate and charge the payment of his debts upon the realty.

But he will not be taken to have done so without a clear expression, to be collected from the whole will.

A general bequest of personal property will not exempt it from the payment of debts so as to charge undevised real estate; but a specific bequest will.

APPEAL from the *Crawford* Circuit Court.

*Tuesday,*
*December* 12.

Perkins, J.—*Samuel Scott* died, leaving a will, of which the following is a copy:

" In the name of God, amen. I, *Samuel Scott*, of *Crawford* county, in the state of *Indiana*, do make and publish this my last will and testament.

" Item 1st. My will is that my funeral expenses and all my just debts be first paid out of my estate.

" I give and devise to each of my children, to-wit, *Mary Ann E. Morrison, William N. Scott, George W. Scott, James A. Scott, Samuel T. Scott, Susan S. Scott, Calvin R. Scott,* and *Isaac M. Scott,* each the sum of five dollars.

" I give and demise to my beloved wife, in lieu of her dower, the remainder of my estate, both real and personal, which I now own or possess in the said county of *Crawford*, or which may be therein at the time of my decease, during her natural life.

" At the death of my said wife, the real and personal estate as aforesaid, or such part thereof as may then remain unexpended and unconsumed, I wish equally divided between my said children.

" I do hereby nominate and appoint *James Morrison* and *William Scott* executors of this my last will and testament, hereby authorizing and empowering them to compromise, adjust, release, and discharge, in such manner as they may deem proper, the debts and claims due me. I also authorize and empower them to sell by private sale, or in such manner, upon such terms of credit or otherwise as they shall think proper, all or any part of my real estate as shall

be necessary to carry out the intention of this will, and deeds to purchasers to execute, acknowledge and deliver, in fee simple. I do hereby revoke all former wills by me made. In testimony," &c.

The testator owned a piece of land, partially paid for, in *Harrison* county, which is not disposed of by the will, and he was, at his decease, to a certain extent, in debt. A controversy has arisen between the widow and executors upon the construction of the will, touching the question whether the personal estate devised to the widow, or the undevised real estate, is to be first applied to the payment of debts, &c., and the widow has filed this bill against the executors to obtain the opinion of the Court upon the question.

The Circuit Court held the real estate first liable to the payment of debts.

The heirs and devisees are not made parties. We think they should have been. Their rights might be prejudiced by the decision of the Court.

In the view we take of the case, however, their omission is not important.

We think the Court below erred in holding the personal estate exempted from the payment of debts in the first instance. The personal estate constitutes the primary fund for the payment of debts. The testator may, however, exonerate it, and charge the debts upon the realty. But he will not be taken to have done so without a clear expression, to be gathered from the whole will, to that effect. On this point the law is well settled both in *England* and in the *United States*. What constitutes such an expression, is the difficult question now arising in this class of cases. It was, in the earlier stages of the law, held that it must be by an express declaration. This rule is now modified, but still the intention to exonerate the personal property must be manifest.

Looking at the language of the will before us, it would seem to indicate an opposite intention. After directing the payment of his debts and some small legacies, without charging them upon any particular kind of property, the testator proceeds: "I give," &c., "to my beloved wife, in

lieu of her dower, the remainder of my estate, both real and personal, which I now own or possess in the said county of *Crawford*," &c.  This gift of "the remainder," in the connection in which it stands, implies that the property in the county of *Crawford* was to be diminished by the payment out of it of the debts and legacies previously mentioned.

But it is urged that personal property devised will be exonerated till undevised real estate shall be applied to the payment of debts.  Undevised real estate would be sold to discharge indebtedness before looking to such estate devised.  Such was our statute.  R. S. 1843, p. 488, s. 20.  But it is decided in numerous cases that the mere fact that the personal property is devised generally to one person, and the real estate to another, even where the real estate is expressly charged by the will with the payment of debts, will not exonerate the personal estate; though a specific bequest of particular articles of personal property would, in such case, exonerate them.  Nor will a general bequest of personal property exempt it from the payment of debts, at the expense of undevised real estate, though a specific bequest would have that effect.  This rule embraces the case before us, and it is supported by an abundance of authorities.

The cases on these points are collected, both *English* and *American*, in 1 White and Tudor's Leading Cases in Equity 415, to which we refer those who may wish to pursue the subject.  See, also, 2 Williams on Executors 1212.

*Per Curiam.*—The decree is reversed with costs.  Cause remanded, &c.

*J. Collins*, for the appellants.

*W. A. Porter*, for the appellees.