Clark *v.* Worrall.

---

## CLARK ET AL. *v.* WORRALL ET AL.

[No. 4,735. Filed November 5, 1903. Rehearing denied February 19, 1904. Transfer denied April 8, 1904.]

WILLS.—*Construction.—Payment of Legacies from Sale of Real Estate.—*Testatrix by the terms of her will made certain specific bequests and directed that her executor sell all of her real estate and pay such bequests and the expense of administration and divide the amount remaining from such sale among certain persons named. She made no disposition of her personal property, of the aggregate value of $10,029.65, and it was contended that the legacies and expenses of administration should be paid therefrom. *Held,* that the legacies and expenses of administration should be paid from the proceeds of the sale of real estate.

From Clark Circuit Court; *J. K. Marsh,* Judge.

Suit by Curtis Worrall and others against Thomas J. Clark and others. From a judgment in favor of plaintiffs, defendants appeal. *Affirmed.*

*O. H. Montgomery, H. E. Burtt* and *E. J. Taggart,* for appellants.

*J. G. Howard* and *James Fortune,* for appellees.

WILEY, J.—Upon the determination of questions involved in this case depends the settlement of an estate and the distribution of a large sum of money, and on petition it was advanced. The matters in issue involve the construction of a will.

Appellees were plaintiffs below, and in their complaint aver that Rozella Wright died, leaving an estate of the value of $16,000, of which $9,229.65 was in money, $509 in a good note, and other personal property of the value of $300, and real estate of the value of $6,000; that said decedent left, as her sole heirs at law, certain persons, naming them, and the relation they bore to her; that on January 9, 1902, being five days after the death of Rozella Wright, a paper purporting to be her will was admitted to probate, in which John J. Potter was named as executor; that thereupon said Potter qualified as such executor, took possession of the estate, and entered upon the duties of his trust. It is averred that there were no debts against the estate; that the legacies, funeral expenses, and expenses of administration would not exceed $4,500; that there is now in the hands of the executor $12,000, and he threatens to, and will, make disposition of the same upon a construction of the will different from the construction put upon it by appellees, and against their interests, unless the court will construe it; and that said sum should be distributed among the heirs and legatees. It is further averred that some doubt exists as to whether the legacies should be paid out of the proceeds of the sale of real estate, or out of the personal property, and that appellants demand and claim that such legacies be paid out of the personal property, while appellees contend that they be paid out of the proceeds arising from the sale of real estate, and that the executor is about to pay them out of the personal property.

The complaint sets out the special legacies, amounting in the aggregate to $4,011, and designates the parties to whom the bequests are made, and avers that by the terms of the will the executor was directed to sell the real estate of which the testatrix died seized, and after the payment of the special legacies and expenses of administration out of such proceeds, the residue was to be divided equally among

Clark *v.* Worrall.

certain persons, naming them, and that the value of the real estate was ample for such purpose. It is also alleged that the will failed to bequeath or otherwise dispose of the personal estate of the testatrix, except as to some household goods, and that her heirs at law are entitled to share therein "in the following proportions:" Then follows a list of the heirs, and the proportion of the estate it is alleged each is entitled to inherit. The complaint further avers that when the will was executed the testatrix was eighty years old, and that she and the girl she raised then, and for many years previous, had lived alone upon her farm; that she concealed from the person who drafted the will the greater portion of her personal estate and left the same unbequeathed, and that at the time of her death she did not owe any debts; and that appellees are each entitled to share as heirs at law in her personal estate. A copy of the will is filed as an exhibit.

As the sole question is to arrive at a proper construction of the will it is important that its leading terms and provisions be stated. Item one directs the payment of the just debts and funeral expenses of the testatrix and the erection of a suitable monument at her grave. Item two makes specific bequests as follows: "I give and devise, to be paid in cash to such legatees, as follows: To Thomas J. Clark, $500; to Catherine Snider, $500; to Eliza J. Ashton, $500; to Rosella Holman, $500; to Hattie Grant, $500; to Eliza Worrall, $200; to Curtis Worrall, $100; to Thomas J. Worrall, $5; to John R. Shadburn, $5; to David Walkup, $1; to Sadie J. Williams, $1,000; to Lucinda Walkup and her daughters, or such as may be living at my death, $200." By item three the executor was directed to sell all the real estate, and execute deeds, etc., without order of court. As the decision of the case hinges largely on item four, we set it out *in haec verba:* "It is my will and I so direct that the proceeds of such sale, after the payment of such legacies as mentioned in

item second, and expense of administration, shall be divided equally between the following named parties, living at time of my death, to wit: George S. Clark, Rosella C. Clark, Martha J. Walkup, Susan M. Cox, Mary E. Bergdoll, Sallie F. Brice, Luella Groub, Lizzie Toms, Thomas J. Clark, Catherine Snider, Eliza J. Ashton, Rosella Holman, Hattie V. Grant." By item five the executor was to deliver "such articles of household nature as I may leave undisposed of at my death to the following different parties as set out in the memoranda hereto attached." In the memoranda attached the testatrix expressed her desire that Katie Snider divide her "household goods and effects among the parties and in the way I have expressed to her, and as she understands my wishes."

The cause was submitted to the court upon an agreed statement of facts, and a finding made and judgment rendered in favor of appellees, by which the court construed the will in harmony with the theory of the complaint. Motions to modify the judgment and for a new trial were overruled, and such rulings are assigned as errors. The motions to modify were in harmony with the theory set up in the second paragraph of answer. Both the motions for a new trial and to modify the judgment may be considered together, for they involve substantially the same questions.

By the agreed statement of facts it is made to appear that the will in controversy was executed September 14, 1895; that the testatrix died January 4, 1902, and the will was duly probated January 9, 1902 (copy of the will is set out in full); that on January 11, 1902, John T. Potter, qualified as executor, entered upon his duties as such, and that he is still so acting; that when the will was executed the testatrix owned a farm in Clark county, Indiana, of 103 acres, of the value of $4,700, and possessed money on deposit and other personal property of the value

of $5,000; that at the time of her death she was eighty-five years old; that she did not owe any debts; that she had personal property of the aggregate value of $10,029.65, consisting of $9,229.65 in money, one solvent note of $509, and farming implements and other personal property of the value of $300; that, by a mistake of the scrivener in drafting the will, the name of one of the legatees was written as Sallie F. Brice, when her correct name was Sallie F. Grice; that the monument mentioned in item one of the will was erected and paid for by the testatrix during her life; that the testatrix at the time of her death left as her sole heirs at law the following named persons, who are parties to this action: Lucinda Walkup, a half-sister; John B. Shadburn and Hattie V. Grant, only children of John R. Shadburn, a deceased brother; David Walkup, the only child of Mary Walkup, a deceased half-sister; Curtis Worrall, Thomas J. Worrall, Catherine Snider, Eliza J. Ashton, and Rosella Holman, the only children of Eliza J. Worrall, a deceased sister; Thomas J. Clark, George S. Clark, Rosella C. Clark, Martha J. Walkup, Susan M. Cox, Mary E. Burgdoll, Sallie F. Grice, Luella Groub and Lizzie Toms, the only children of Catherine Clark, a deceased sister.

The appellants and appellees agree that as to her personal estate the testatrix died intestate, except as to her household goods. The question at issue between them is this: Under the terms of the will are the specific legacies, expenses of administration, etc., to be paid from the proceeds of the sale of real estate, or from the personal assets of the estate. The relative positions assumed by the parties are that appellees contend that such legacies, etc., must be paid out of the proceeds of the sale of the real estate, under the express provision of the will. There are two classes or divisions of appellants here, represented by different counsel, hence there are three contending interests. The contention of appellees has already been stated, and

it is in harmony with the theory of their complaint. The appellants, Catherine Snider, Eliza J. Ashton, Rosella Holman, and Hattie V. Grant, contend that the fund arising from the sale of real estate is a primary fund for the payment of the specific legacies, debts, and expenses of administration, but that if such fund should be insufficient to pay the legacies, then the personal estate not bequeathed is not exonorated from the payment of such debts and legacies, but should be applied thereto.

Appellees, Thomas J. Clark, George S. Clark, Rosella C. Clark, Martha J. Walkup, Susan M. Cox, Mary E. Burgdoll, Sallie F. Grice, Luella Grant, and Lizzie Toms, who are made residuary legatees under item four of the will, contend that the will should be so construed that the executor be required to use the unbequeathed personal property as follows: (1) In the payment of the expenses of administration; (2) in the payment of funeral expenses; (3) in the payment of expenses of last sickness; (4) in the payment of taxes; (5) in the payment of general debts; (6) in the payment of special legacies—and that the residue of the personal estate descend and be distributed according to the laws of descent to the heirs of the testatrix, and that the proceeds of the sale of real estate, in case the personal property should be insufficient therefor, be applied in the payment of the above named items in their order, and that the residue of the proceeds of the sale of the real estate be distributed to the legatees named in item four of the will.

We must conclude, from the plain language of the will, that the testatrix intended to bestow her special bounty upon the legatees therein designated. No question is presented as to her capacity to make a will, nor is any reason suggested why she should not make the devises she did.

If the contention of a part of the appellees be adopted as a proper construction of the will, we must conclude that the will means, and that the testatrix intended, that the

specific legacies should be paid out of the fund not included in the testamentary instrument, to the exclusion of the fund which such instrument specifically designates as the sole source of such payment. The language of the will is not uncertain or ambiguous, but is in plain terms and easily understood.

The intention of the testator, if it can be ascertained, should control in construing a will; and, in such construction, effect should be given to the intention of the testator as far as the same may not interfere with the established rules of law. *Fowler* v. *Duhme,* 143 Ind. 248; *Mulvane* v. *Rude,* 146 Ind. 476; *Bray* v. *Miles,* 23 Ind. App. 432.

From the will itself, considering all of its provisions, the intention of the testatrix is clearly manifest; and that intention is that she meant to direct, and in fact did direct, the sale of her real estate, and charged upon the fund arising therefrom the payment of the expenses of administration, legacies, etc. Such a provision in a will does not contravene an established rule of law, as will be seen later in this opinion. The testatrix connected the payment of the specific bequests with the fund arising from the sale of real estate by express reference thereto, and it seems plain from the language used that she intended that they should be paid out of that fund, for she blends item two of the will, in which the specific legacies are made, with item four, directing how they shall be paid. The personal assets of an estate primarily constitute the fund out of which debts, expenses of administration, legacies, etc., are to be paid. *Scott* v. *Morrison,* 5 Ind. 551; *Lindsey* v. *Lindsey,* 45 Ind. 552; *Duncan* v. *Wallace,* 114 Ind. 169. There are exceptions to this rule, however, and the testator may exonerate his personal property from liability for the payment of debts, legacies, etc., and may make the same a charge upon his real estate; but he will not be taken to have done so without a clear expression to that effect, to be collected from the whole will. *Scott* v. *Morrison, supra;*

*Duncan* v. *Wallace, supra; Davidson* v. *Coon,* 125 Ind. 497, 9 L. R. A. 584.

Another rule, which seems to be well settled, is that it will be presumed that the testator intended that legacies shall be paid out of the personal assets of his estate; and where there is a general bequest of money, and no express charge is made upon the land, such land is not burdened unless it appears that the testator intended that it should be charged, and where there is personal property no such intention can be implied. *Duncan* v. *Wallace, supra; Davidson* v. *Coon, supra.*

But here, however, the testatrix specifically directed that the legacies provided for in item two should be paid from the proceeds of the sale of real estate. . We can not speculate as to why she made this provision. The record does not disclose any fact or circumstance to militate against the plain language used as expressive of her intention, and no good reason is shown why she should not have directed the payment of such legacies in the manner indicated. Appellants having admitted that the testatrix died intestate as to her personal estate, except household goods, we do not understand how they can successfully assert that she intended that the specific legacies should be paid out of a fund not mentioned in her will, in view of the controlling fact that she directed their payment out of a fund to be created by the sale of real estate.

We have in the will before us a direction to the executor to sell all of the real estate of the deceased, and the law seems to be well settled that the effect of such a provision is to convert the real estate into personalty, and that the same is to be treated as money by the executor. *Rumsey* v. *Durham,* 5 Ind. 71; *Scott* v. *Morrison, supra;* Jarman, Wills (4th Am. ed.), *577-579; 2 Story, Eq. Jurisp. (13th ed.), 115; *Stagg* v. *Jackson,* 1 N. Y. 206; *High* v. *Worley,* 33 Ala. 196; Indiana Executor's Manual, §522.

It was not an infringement of the established rules of law

for the testatrix to make the legacies for which she provides payable out of the proceeds of the real estate. Counsel for appellants concede this proposition, and the authorities support it. *Scott* v. *Morrison, supra; Duncan* v. *Wallace, supra; Davidson* v. *Coon, supra.*

To put the construction upon the will contended for by appellants, we would have to conclude that the testatrix did not mean what she so plainly expressed, and that she intended something in clear opposition to what she did express. This we can not do. Looking at the whole record, it is our conclusion that the trial court reached the correct result, and the judgment is affirmed.

Robinson, C. J., Black, Roby, and Henley, JJ., concur. Comstock, P. J., absent.